Jon Earl QUICK, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. A08–307.

Supreme Court of Minnesota.

Nov. 13, 2008.

Kyle D. White, St. Paul, MN, for appellant.

Lori Swanson, Attorney General, Kelly O'Neill Moller, Assistant Attorney General, St. Paul, MN and Thomas A. Opheim, Norman County Attorney, Ada, MN, for respondent.

## OPINION

PAGE, Justice.

In this appeal, Jon Earl Quick challenges the postconviction court's denial of his second petition for postconviction relief. In the petition, Quick claims that: (1) he received ineffective assistance of trial counsel; (2) this court erred on direct appeal by using the wrong standard to affirm the exclusion of three defense witnesses; (3) he was incompetent to stand trial; (4) new evidence that the crime scene team leader was recently convicted of a controlled substance crime requires an eviden-

tiary hearing; and (5) he should be resentenced pursuant to Minn.Stat. § 609.1055 (2006). The postconviction court summarily denied the petition without holding an evidentiary hearing. On appeal, in addition to the claims raised in the petition, Quick also claims that the postconviction court should have held an evidentiary hearing on the petition. We affirm.

Quick was convicted of first-degree premeditated murder for the September 14, 2000, killing of Justin Mueller and was sentenced to life imprisonment. We affirmed Quick's conviction on direct appeal, holding that there was sufficient evidence for the jury to conclude that Quick acted with premeditation and without heat of passion; that he was not denied the right to present a defense and a fair trial by the exclusion of testimony from three witnesses; that his claims of ineffective assistance of trial counsel were either not reasonable or were unsupported by the record; that his claims of prosecutorial misconduct were without merit; and that a number of other claims raised on direct appeal were also without merit. *State v. Quick* (*Quick I*), 659 N.W.2d 701 (Minn. 2003).[1]

Quick subsequently petitioned for postconviction relief, which the postconviction court summarily denied, and we affirmed the postconviction court. *Quick v. State* (*Quick II*), 692 N.W.2d 438 (Minn.2005). In the petition, Quick claimed that newly discovered evidence supported his ineffective-assistance-of-counsel claims. He also claimed that newly discovered evidence about his upbringing in a religious cult provided a mitigating factor for the first-degree premeditated murder charge. We held that each of the claims was procedurally barred under *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976).

In this appeal, Quick claims that his trial counsel was ineffective because counsel failed to: (1) effectively argue for the testimony of three excluded defense witnesses; (2) consult with Quick about the Rule 20 psychological report and address supposed errors in the report; (3) raise a medical defense based on Quick's diabetic condition; (4) object to a jury instruction defining heat of passion; and (5) provide Quick with his case file after the trial. Under *Knaffla*, when "direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." 309 Minn. at 252, 243 N.W.2d at 741. This rule also precludes consideration of "claims which appellant raised or knew of and could have raised in earlier review." *Wayne v. State*, 601 N.W.2d 440, 441 (Minn.1999). Finally, the rule precludes consideration of all claims which appellant should have known but did not raise at the time of an earlier review. *See Black v. State*, 560 N.W.2d 83, 85 (Minn.1997). There are two exceptions to *Knaffla's* procedural bar: an issue should be considered if it is (1) an issue so novel that its legal basis was not reasonably available at the time of the direct appeal, or (2) in the interest of justice—when fairness so requires and the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal. *Roby v. State*, 531 N.W.2d 482, 484 (Minn.1995).

A review of the record indicates that, except for the claim that Quick's trial counsel failed to provide Quick with his case file after trial, the facts underlying each of Quick's ineffective-assistance-of-counsel claims were known and raised on direct appeal, or were either known or should have been known but were not

---

1. See *Quick I* for the facts underlying Quick's    conviction. 659 N.W.2d at 706–09.

raised on direct appeal. They are, therefore, procedurally barred under *Knaffla.* The case file claim was either known or should have been known at the time of Quick's first petition for postconviction relief. Not having been raised then, that claim is also now procedurally barred.

■■■■ *Knaffla* also bars Quick's claim that we applied the wrong harmless error standard when reviewing the trial court's exclusion of defense witnesses. Because the supposed error occurred on direct appeal, Quick either knew or should have known about this claim at the time of his first petition for postconviction relief. Similarly, Quick's claim that he was incompetent to stand trial, based on the Rule 20 examination, is also procedurally barred. The claim should have been raised on direct appeal because the Rule 20 examination occurred before trial. None of Quick's claims fall within either of *Knaffla's* two exceptions.

■■■■ Quick's argument that the postconviction court abused its discretion when it denied relief without an evidentiary hearing on the above claims is without merit. We review a postconviction court's denial of postconviction relief without a hearing for an abuse of discretion. *See Jones v. State,* 671 N.W.2d 743, 746 (Minn. 2003). Minnesota Statutes § 590.04, subd. 1 (2006), requires a court to grant an evidentiary hearing "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Because *Knaffla* conclusively bars each of Quick's claims, it was not an abuse of discretion to deny the petition without an evidentiary hearing.

■■■■ Quick also argues that an evidentiary hearing should have been held to review his claim of newly discovered evidence that the team leader who investigated the Quick crime scene pleaded guilty in 2005 to first-degree drug possession. Newly discovered evidence will only lead to a new trial if the evidence: (1) was not within petitioner's or his counsel's knowledge before trial; (2) could not have been discovered through due diligence before trial; (3) is not cumulative, impeaching, or doubtful evidence; and (4) would probably produce a different or more favorable result. *Wieland v. State,* 457 N.W.2d 712, 714 (Minn.1990). Quick asserts that he was deprived of a fair trial because the guilty plea shows that the team leader was addicted to narcotics. While we acknowledge that this information was not available to Quick or his counsel before trial and could not have been discovered before 2005, we conclude that it was not an abuse of discretion for the postconviction court to deny this claim without a hearing. As the postconviction court indicated when it denied relief on the claim:

> First, [the team leader's] conviction for drug possession is impeachment evidence. Impeachment evidence is not grounds for a new trial. Second, Petitioner has not established that this evidence would have changed the outcome of his trial. Petitioner's trial was held in October 2001 and [the team leader] pleaded guilty to drug possession in 2005. There is no evidence that [the team leader] was using drugs or involved in any criminal conduct at the time of Petitioner's trial. In addition, [the team leader's] testimony at trial consisted of him describing the crime scene and laying foundation for the admission of videotape and photos taken by investigators. His testimony was not disputed by the defense.

(Citation omitted.) We agree. Given that this evidence was merely impeaching and would not produce a different or more favorable result for Quick, no evidentiary hearing was required.

Finally, Quick contends that he should be resentenced pursuant to Minn. Stat. § 609.1055, which allows judges to grant probation for offenders "with a serious and persistent mental illness, as defined in section 245.462, subdivision 20, paragraph (c)." While we are unable to determine with any precision the basis on which Quick makes this claim, we conclude that it has no merit. To the extent that he claims the trial court abused its discretion by not considering section 609.1055 in its sentence, the claim is procedurally barred under *Knaffla* because it was either known or should have been known at the time of Quick's direct appeal but was not raised. To the extent that Quick claims the trial court imposed an improper sentence, it is enough to note that Minn.Stat. § 244.05, subd. 4 (2004), provides a mandatory sentence of life imprisonment for first-degree premeditated murder and that is the sentence that Quick received.

Affirmed.