Keith Eugene WASHINGTON, a/k/a
Monroe Bernard Washington
petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. A13–1524.

Court of Appeals of Minnesota.

April 7, 2014.

Keith Eugene Washington, Bayport, MN, pro se appellant.

Lori Swanson, Attorney General, St. Paul, MN; and Janet Reiter, Chisago County Attorney, Beth Ann Beaman, Assistant County Attorney, Center City, MN, for respondent.

Considered and decided by JOHNSON, Presiding Judge; RODENBERG, Judge; and KLAPHAKE, Judge.*

## OPINION

JOHNSON, Judge.

In 2004, while incarcerated at the Rush City correctional facility, Keith Eugene Washington assaulted a correctional officer. He was found guilty of four offenses and was sentenced to 96 months of additional imprisonment. Since then, Washington has challenged his conviction or his sentence on four occasions. In this case, Washington filed a motion to correct sentence pursuant to rule 27.03, subdivision 9,

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

of the Minnesota Rules of Criminal Procedure, alleging three independent claims. The district court denied the motion. We conclude that Washington's first and third claims should be treated as requests for postconviction relief and should be denied because they are procedurally barred. We conclude that Washington's second claim is properly filed under rule 27.03, subdivision 9, but is without merit. Therefore, we affirm.

## FACTS

In August 2004, Washington threw hot liquid in a correctional officer's face and then repeatedly punched and chased the correctional officer as the officer attempted to flee. Before the incident was concluded, Washington threatened the correctional officer with a sock containing 24 AA batteries.

The state charged Washington with first-, second-, third-, and fourth-degree assault. Washington waived his right to a jury trial with respect to both his guilt and the facts relevant to an aggravated sentence. The district court conducted a court trial in October 2005 and found Washington guilty of attempted first-degree assault and second-, third-, and fourth-degree assault. In March 2006, the district court found that aggravating factors justified an upward durational departure under the dangerous repeat-offender statute. *See* Minn.Stat. § 609.1095 (2004). The district court imposed a sentence of 96 months of imprisonment without the possibility of supervised release and ordered that the sentence be served consecutively to the sentence that Washington was serving at the time of his offense. The district court also determined that Washington was not entitled to jail credit for the period between the commission of the offense and his conviction.

On direct appeal, Washington argued that the evidence was insufficient to support his conviction of attempted first-degree assault, that the district court erred by imposing an aggravated sentence based on its own findings, that the district court erred by imposing a fully executed sentence without the possibility of supervised release, and that the district court erred by adjudicating him guilty of second-, third-, and fourth-degree assault. This court affirmed in part and reversed in part. We affirmed Washington's sentence and the findings of guilt with respect to attempted first-degree assault and second-degree assault. But we vacated his convictions of third-degree assault and fourth-degree assault on the ground that they are lesser-included offenses of second-degree assault. *State v. Washington,* No. A06–932, 2007 WL 2416867 (Minn.App. Aug. 28, 2007), *review denied* (Minn. Nov. 13, 2007).

Since his direct appeal, Washington has unsuccessfully attacked his conviction or his sentence on four occasions. First, in January 2008, Washington petitioned the United States District Court for the District of Minnesota for a writ of habeas corpus. The federal district court denied the petition in April 2009. *Washington v. Benson,* No. 08–135 (MJD/JJK), 2009 WL 943865 (D.Minn. Apr. 6, 2009).

Second, in November 2008, Washington petitioned the district court for postconviction relief under chapter 590 of the Minnesota Statutes. He challenged the sufficiency of the evidence supporting the district court's findings of guilt, challenged the sufficiency of the evidence supporting his aggravated sentence, and claimed that he received ineffective assistance of counsel at trial and at sentencing. The district court denied his petition on the grounds that his claims regarding his convictions and sentence were procedurally barred and that his claim of ineffective assistance

of counsel lacked factual support. This court affirmed. *Washington v. State,* No. A09–439, 2009 WL 4796645. (Minn.App. Dec. 15, 2009), *review denied* (Minn. Feb. 24, 2010).

Third, in June 2012, Washington filed a motion to correct sentence pursuant to rule 27.03, subdivision 9, of the Minnesota Rules of Criminal Procedure. He made two arguments: first, that his sentence is unlawful because the district court applied an incorrect version of the dangerous repeat-offender statute and, second, that he was entitled to jail credit. The district court rejected Washington's first argument on the ground that it was procedurally barred. The district court rejected Washington's second argument on the ground that Washington was not entitled to jail credit. On appeal, Washington argued that the district court erred with respect to the first issue, but he did not raise the second issue. This court affirmed but on different grounds, concluding that Washington's first argument was not procedurally barred but was without merit because his sentence is authorized by law. *Washington v. State,* No. A12–1481, 2013 WL 1285527 (Minn.App. Apr. 1, 2013).

Fourth, in June 2013, in this case, Washington filed a second motion to correct sentence pursuant to rule 27.03, subdivision 9. His motion asserts three claims. First, he claims that his aggravated sentence is unlawful because the district court relied on an inaccurate record of his criminal history, which reflects prior convictions in the name of an alias. Washington does not contend that he did not commit the prior offenses; he contends only that the records evidencing the prior convictions are inaccurate because they do not reflect his true name. Second, Washington claims that he is entitled to jail credit. Third, Washington claims that the state

failed to prove his identity beyond a reasonable a doubt during the guilt phase of his trial.

In July 2013, the district court denied Washington's motion on multiple grounds. As an initial matter, the district court concluded that Washington's motion should be "summarily denied" because he raised issues that "have been fully adjudicated and rejected" on multiple occasions. The district court also concluded that Washington's first and second claims should be denied on the merits. With respect to Washington's first claim, the district court reiterated its earlier findings that Washington previously was convicted of first-degree robbery and first-degree criminal sexual conduct, both of which are deemed violent crimes by the dangerous repeat-offender statute. With respect to Washington's second claim, the district court reiterated its earlier analysis that Washington is not entitled to jail credit because of a statute specifically stating that an "inmate is not entitled to jail credit against the sentence imposed for the assault for time served in confinement for the earlier sentence." *See* Minn.Stat. § 609.2232 (2004). The district court construed Washington's third claim as a request for postconviction relief because it attacked the validity of his underlying conviction and concluded that it was procedurally barred. Washington appeals.

## ISSUE

Did Washington properly file a motion to correct sentence pursuant to rule 27.03, subdivision 9, of the Minnesota Rules of Criminal Procedure, and, if so, is he entitled to a correction of his sentence?

## ANALYSIS

Washington argues that the district court erred by denying his motion to correct sentence, which he filed pursuant to

rule 27.03, subdivision 9, of the Minnesota Rules of Criminal Procedure.

## A.

We begin by reviewing the law concerning collateral attacks on a sentence. Washington's motion is based on the first sentence of the following rule:

> The court may at any time correct a sentence not authorized by law. The court may modify a sentence during a stay of execution or imposition of sentence if the court does not increase the period of confinement.

Minn. R.Crim. P. 27.03, subd. 9 (emphasis added). The text of the rule plainly authorizes a district court to correct a sentence *sua sponte* but does not expressly authorize a party to file a motion to correct a sentence. Nonetheless, the supreme court has not prevented parties from invoking the rule by motion. *See, e.g., Townsend v. State,* 834 N.W.2d 736, 739 (Minn.2013) (offender's motion); *Johnson v. State,* 801 N.W.2d 173, 175–77 (Minn. 2011) (offender's motion); *State v. Garcia,* 582 N.W.2d 879, 881 (Minn.1998) (state's motion).

A motion to correct sentence filed pursuant to rule 27.03, subdivision 9, is not the only means by which an offender may challenge a sentence. An offender also may challenge a sentence in a petition for postconviction relief. Minn.Stat. § 590.01, subd. 1(1) (2012). Indeed, the legislature determined that the remedy available under the postconviction act "takes the place of any other ... remedies which may have been available for challenging the validity of a conviction, sentence, or other disposition and must be used exclusively in place of them unless it is inadequate or ineffective to test the legality of the conviction, sentence or other disposition." *Id.,* subd. 2. This court, however, has noted that the "remedy in rule 27.03, subdivision 9, ...

coexist[s] with the postconviction remedy." *Vazquez v. State,* 822 N.W.2d 313, 317 (Minn.App.2012). Accordingly, an offender may challenge his sentence either by filing a petition for postconviction relief under chapter 590 of the Minnesota Statutes or by filing a motion to correct sentence pursuant to rule 27.03, subdivision 9. *See id.*

The two alternative means of challenging a sentence are subject to different procedural requirements, two of which are relevant to the present case. First, the legislature has imposed strict time limits on postconviction petitions. As a general rule, "[n]o petition for postconviction relief may be filed more than two years after" a judgment of conviction becomes final. Minn.Stat. § 590.01, subd. 4(a); *see also Hooper v. State,* 838 N.W.2d 775, 780–82 (Minn.2013). Second, both the supreme court and the legislature have imposed limitations on repetitive challenges to a conviction or a sentence under the postconviction act. After a direct appeal, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). This procedural bar also applies to claims that an offender should have known at the time of the direct appeal. *Quick v. State,* 757 N.W.2d 278, 280 (Minn.2008). Furthermore, the procedural bar applies to second and subsequent postconviction petitions: "matters raised or known but not raised in an earlier petition for postconviction relief will generally not be considered in subsequent petitions for postconviction relief." *Powers v. State,* 731 N.W.2d 499, 501 (Minn.2007). This procedural bar has been codified in the postconviction act, which allows a district court to summarily deny "a second or successive petition for similar relief on behalf of the

same petitioner" or a petition raising issues that "have previously been decided" by an appellate court "in the same case." Minn.Stat. § 590.04, subd. 3 (2012).[1]

■ The existence of strict procedural requirements for postconviction petitions raises the question whether the same requirements also apply to motions to correct sentence filed pursuant to rule 27.03, subdivision 9. The supreme court recently noted, "We have not yet addressed whether the statutory time bar under section 590.01, subdivision 4(a)(2), or the procedural bar under *Knaffla* apply to a motion to correct a sentence under rule 27.03, subdivision 9." *Townsend,* 834 N.W.2d at 739. This court, however, has considered those two questions and has answered them in the negative. In *Vazquez,* this court held that "the two-year time limit [in section 590.01, subdivision 4(a)] does not apply to motions properly filed under" rule 27.03, subdivision 9. 822 N.W.2d at 318. Later, in *State v. Amundson,* 828 N.W.2d 747 (Minn.App.2013), this court reiterated the holding of *Vazquez* with respect to the two-year statute of limitations and further held that a motion to correct sentence filed pursuant to rule 27.03, subdivision 9, is not barred by the statutory prohibition on second or successive postconviction petitions. *Id.* at 751 (citing Minn.Stat. § 590.04, subd. 3); *see also State v. Stutelberg,* 435 N.W.2d 632, 633–35 (Minn.App.1989).

In some cases, an offender has challenged a sentence by filing a motion to correct sentence pursuant to rule 27.03, subdivision 9, but the district court has treated the motion as a postconviction petition filed pursuant to chapter 590. The

supreme court has approved of such a re-characterization of a motion to correct sentence filed pursuant to rule 27.03, subdivision 9, albeit on case-specific grounds. In *Powers,* the appellant-offender did not challenge the district court's re-characterization, and the supreme court noted that the postconviction act "is broad enough to encompass" a motion to correct sentence pursuant to rule 27.03, subdivision 9. 731 N.W.2d at 501 n. 2. In a later case, *Bonga v. State,* 765 N.W.2d 639 (Minn.2009), the district court had treated the appellant-offender's previous challenge to his sentence as a postconviction petition, which provided the district court with a basis for concluding that the subsequent postconviction petition was barred by the statutory prohibition on successive petitions. *Id.* at 642 (citing Minn.Stat. § 590.04, subd. 3). The supreme court refrained from deciding whether Bonga's first challenge was properly treated as a postconviction petition but noted that the treatment was consistent with *Powers. Id.* at 642–43. Thus, the supreme court has not restricted a district court's authority to treat a motion to correct sentence filed pursuant to rule 27.03, subdivision 9, as a postconviction petition filed pursuant to chapter 590.

■ This court, however, has limited the discretion of a district court to treat a motion to correct sentence as a postconviction petition. In *Vazquez,* the offender-appellant argued on appeal that the district court "erred in treating his motion for correction or reduction of sentence ... as a postconviction petition subject to the two-year statute of limitations in Minn.

---

1. An order granting or denying postconviction relief may be appealed as of right. Minn. Stat. § 590.06 (2012); Minn. R.Crim. P. 28.02, subd. 2(1). There is no provision in rule 28 of the Minnesota Rules of Criminal Procedure expressly authorizing an appeal from an order granting or denying a motion

to correct sentence filed pursuant to rule 27.03, subdivision 9. This court treats such appeals as appeals from postconviction orders if the motion was filed beyond the time for a direct appeal. *See* Minn.Stat. § 590.01, subd. 1.

Stat. § 590.01, subd. 4." 822 N.W.2d at 315. This court agreed, holding that a district court may not apply the procedural rules and limitations of chapter 590 if an offender has properly invoked the remedy available in rule 27.03, subdivision 9. *See id.* at 318–20. Our holding in *Vazquez* does not forbid a district court from treating a motion to correct sentence as a postconviction petition in all cases, but it does preclude a district court from treating a motion to correct sentence as a postconviction petition in some cases.

As a consequence of the above-described caselaw, an offender wishing to challenge his or her sentence may have a strong incentive to do so in a motion to correct sentence filed pursuant to rule 27.03, subdivision 9, rather than a postconviction petition filed pursuant to chapter 590, if both alternatives are available. But this court noted in *Vazquez* that an offender may avoid the procedural requirements of chapter 590 only if a challenge is *"properly filed under"* rule 27.03, subdivision 9. 822 N.W.2d at 318 (emphasis added).

### B.

The caselaw indicates that certain types of challenges are *not* properly asserted in a motion to correct sentence filed pursuant to rule 27.03, subdivision 9. For example, in *Johnson,* an offender filed a motion to correct sentence pursuant to rule 27.03, subdivision 9, to challenge the validity of his guilty plea and to challenge his sentence. 801 N.W.2d at 175. The district court corrected the sentence in accordance with the rule, treated the challenge to the guilty plea as a postconviction petition, and denied the request for postconviction relief on the ground that the challenge was untimely. *Id.* at 175. On appeal, the supreme court upheld the district court's handling of the challenge with respect to the guilty plea, reasoning that "the plain language of [rule 27.03, subdivision 9,] does not allow a defendant to challenge his conviction." *Id.* at 176. The supreme court referred to the exclusive-remedy provision of the postconviction act and noted that Johnson did not argue that a postconviction petition would be inadequate or ineffective. *Id.* (citing Minn.Stat. § 590.01, subd. 2). The supreme court proceeded to analyze the motion as a postconviction petition and concluded that the request for postconviction relief was barred by the two-year limitations period of chapter 590. *Id.* at 176–77 (citing Minn.Stat. § 590.01, subd. 4). This court recently applied *Johnson* to a case in which an offender filed a motion to correct a sentence that was imposed as part of a plea agreement; we reasoned that the motion was improper because it effectively was a challenge to the conviction itself. *Orozco v. State,* 841 N.W.2d 632, 637 (Minn.App.2014), *review granted & stayed* (Minn. Mar. 18, 2014).

The supreme court's opinion in *Johnson* demonstrates that an offender may not avoid the requirements of the postconviction act by simply labeling a challenge as a motion to correct sentence under rule 27.03, subdivision 9. Rather, an offender may do so only by asserting a challenge that is within the scope of the rule. *See Johnson,* 801 N.W.2d at 175–76. To reiterate, the plain language of the rule authorizes a district court to correct "a sentence *not authorized by law.*" Minn. R.Crim. P. 27.03, subd. 9 (emphasis added).

An opinion of this court illustrates that a sentence may be "authorized by law" even if the sentence is incorrect in ways that might have justified reversal on direct appeal. In *State v. Borrego,* 661 N.W.2d 663 (Minn.App.2003), a district court, on its own initiative, corrected two sentences by ordering the offender to serve the sentences consecutively instead

of concurrently, as the district court had ordered one day earlier. *Id.* at 665–66. The offender appealed, arguing that "the district court did not have the authority to impose consecutive prison terms after previously imposing concurrent terms of incarceration." *Id.* at 666. We reversed the district court's correction of the sentences on the ground that the previously imposed concurrent sentences were not "unauthorized by law." *Id.* at 666–67. We stated that the phrase "unauthorized by law" means "contrary to law or applicable statutes" or "contrary to statutory requirements." *Id.* at 666–67. Because consecutive sentences were presumed, we characterized the previously imposed concurrent sentences as an "unintentional" and "accidental" downward departure but, nonetheless, sentences that were "not unauthorized." *Id.* at 667. We concluded that the offender's "mistaken sentence, effectively a downward departure unintended by the district court and not supported by mitigating factors, was legally permissible and therefore not unauthorized by law." *Id.* at 667.

■■■ Together, the opinions in *Johnson* and *Borrego* establish that rule 27.03, subdivision 9, authorizes relief only if a party

challenges a sentence, as opposed to a conviction, and only if a party does so by asserting that a sentence is "unauthorized by law" in the sense that the sentence is contrary to an applicable statute or other applicable law. *Johnson*, 801 N.W.2d at 176; *Borrego*, 661 N.W.2d at 667; *see also Tauer v. State*, 451 N.W.2d 649, 650–51 (Minn.App.1990) (reasoning that rule 27.03, subdivision 9, does not justify correction of sentence that was within presumptive range and, thus, authorized by law), *review denied* (Minn. Mar. 16, 1990). Our opinion in *Borrego* makes clear that rule 27.03, subdivision 9, does not apply if a party has challenged a sentence on the ground that the facts before the district court at sentencing were inaccurate or that a district court otherwise erred by selecting one among two or more sentences that are authorized by law. *See* 661 N.W.2d at 666–67.[2]

The narrow scope of rule 27.03, subdivision 9, that is reflected in *Johnson* and *Borrego* is confirmed by reference to federal law. The pertinent portion of Minnesota's rule is modeled after a federal rule of criminal procedure, as it existed before the federal sentencing guidelines. *See Vazquez*, 822 N.W.2d at 317–18. That ver-

---

2. In describing the scope of the first sentence of rule 27.03, subdivision 9, we are concerned only with the caselaw in which a party or a district court relied solely on that rule as the procedural basis for correcting a sentence. We are not concerned with the caselaw in which a party or a court relied primarily on another provision of law and relied only tangentially on rule 27.03, subdivision 9. For example, in *State v. Maurstad*, 733 N.W.2d 141 (Minn.2007), the issue was whether an offender could challenge his sentence on the ground that the district court had "erred in assigning ... a custody status point under Minn. Sent. Guidelines II.B.2.c.," even though the offender had not presented that argument to the district court at the time of sentencing. *Id.* at 148. The supreme court relied in part on rule 27.03, subdivision 9, in

reasoning that the offender had not forfeited the challenge to his criminal-history score because a district court may correct a sentence "at any time." *Id.* at 147 (citing Minn. R.Crim. P. 27.03, subd. 9); *see also Spann v. State*, 740 N.W.2d 570, 573 (Minn.2007) (citing rule 27.03, subdivision 9, on appeal in support of reasoning that appellant did not waive challenge to sentence by not presenting it to district court); *State v. Pugh*, 753 N.W.2d 308, 311 (Minn.App.2008) (citing rule 27.03, subdivision 9, on appeal from resentencing in support of reasoning that appellant did not waive challenge to sentence by not presenting it to district court), *review denied* (Minn. Sept. 23, 2008). In the latter category of cases, neither party filed a motion to correct sentence pursuant to rule 27.03, subdivision 9.

sion of the federal rule provided, "The court may correct an illegal sentence at any time...." Fed.R.Crim.P. 35(a) (repealed 1987). The United States Supreme Court held that a sentence is "illegal," as that term was used in the former version of the federal rule, if it is "illegal on its face." *Heflin v. United States,* 358 U.S. 415, 418, 79 S.Ct. 451, 453, 3 L.Ed.2d 407 (1959). The Supreme Court in *Heflin* specifically refrained from interpreting the rule to allow an offender to augment the record that existed at the time of sentencing. *See id.* at 418, 79 S.Ct. at 453; *id.* at 422, 79 S.Ct. at 455 (Stewart, J., concurring). In another case, the Supreme Court also held that a sentence was not "illegal" because "[t]he punishment meted out was not in excess of that prescribed by the relevant statutes, multiple terms were not imposed for the same offense, nor were the terms of the sentence itself legally or constitutionally invalid in any other respect." *Hill v. United States,* 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962). The federal circuit courts interpreted the corresponding language of former federal rule 35 to mean that a sentence is "illegal" if it is "not authorized by law," *United States v. Peltier,* 312 F.3d 938, 942 (8th Cir.2002) (applying 1977 version of Fed.R.Crim.P. 35(a)), or "in excess of a statutory provision or otherwise contrary to the applicable statute," *United States v. Huss,* 520 F.2d 598, 602 (2d Cir. 1975).

■ Thus, in light of the supreme court's caselaw, this court's caselaw, and the above-described federal caselaw, an offender may file a motion to correct sentence pursuant to the first sentence of rule 27.03, subdivision 9, only if the offender challenges the sentence on the ground that it is "unauthorized by law" in the sense that the sentence is contrary to an applicable statute or other applicable law. If an offender wishes to challenge his or her sentence for any other reason, the offender must do so pursuant to chapter 590 of the Minnesota Statutes.

## C.

In this case, Washington asserted three claims in his motion to correct sentence filed pursuant to rule 27.03, subdivision 9, and he makes three corresponding arguments on appeal.

### 1.

Washington first argues that the district court erred by imposing an aggravated sentence under the dangerous repeat-offender statute on the ground that he did not have two prior convictions of violent crimes. *See* Minn.Stat. § 609.1095, subd. 2(1). The district court denied this part of Washington's motion on the ground that the record contained evidence of the necessary prior convictions. Washington contends that the records of prior convictions on which the district court relied are inaccurate because they are in the name of an alias, Keith Eugene Washington, rather than his real name, Monroe Bernard Washington, and that his sentence is incorrect because Keith Eugene Washington is not his "true and correct identity."

■ Washington's first claim is not a challenge to his sentence on the ground that it is "not authorized by law." *See* Minn. R.Crim. P. 27.03, subd. 9. Washington does not contend that the district court's sentence is "contrary to law or applicable statutes" or "contrary to statutory requirements," *Borrego,* 661 N.W.2d at 666–67; "in excess of that prescribed by the relevant statutes," *Hill,* 368 U.S. at 430, 82 S.Ct. at 472; or "in excess of a statutory provision or otherwise contrary to the applicable statute," *Huss,* 520 F.2d at 602. Rather, Washington's first claim asserts only a fact-based challenge to the

record of the sentencing hearing and, ultimately, to the district court's findings of facts relevant to his sentence. His first claim is akin to the claim in *Borrego* that attacked a sentence that was "not supported by mitigating factors," which we held did not need to be corrected because it was "not unauthorized by law." 661 N.W.2d at 667. Thus, Washington's first claim is not within the scope of the first sentence of rule 27.03, subdivision 9. *See Borrego*, 661 N.W.2d at 666–67; *see also Heflin*, 358 U.S. at 418, 79 S.Ct. at 453.

Because Washington's first claim is not properly filed under rule 27.03, subdivision 9, we must analyze it as if it had been filed as a postconviction petition under chapter 590. *See Johnson*, 801 N.W.2d at 176. In that event, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741; *see also Quick*, 757 N.W.2d at 280. Furthermore, "matters raised or known but not raised in an earlier petition for postconviction relief will generally not be considered in subsequent petitions for postconviction relief." *Powers*, 731 N.W.2d at 501; *see also* Minn. Stat. § 590.04, subd. 3.

 Washington did not assert his first claim in his 2007 direct appeal, his 2008 postconviction petition, or his 2012 motion to correct sentence. But the facts underlying Washington's first argument plainly were known to him or should have been known to him at the time of his direct appeal, the time of his prior postconviction action, and the time of his prior motion to correct sentence. Thus, Washington's first claim is procedurally barred.

## 2.

Washington next argues that the district court erred by denying his request for jail credit for time he spent in prison before the state filed its amended complaint. The district court denied this part of Washington's motion on the ground that a statute makes jail credit unavailable to an offender who commits an offense while in prison serving a previously imposed sentence. *See* Minn.Stat. § 609.2232. On appeal, Washington does not directly confront the district court's reliance on section 609.2232. Rather, he simply contends that the district court misapplied the generally applicable law concerning when jail credit is appropriate and how the amount of jail credit is calculated.

 Washington's second claim is best characterized as a challenge to the legal authority underlying the sentence imposed by the district court. He contends, in essence, that the district court's sentence is not authorized by law because he is entitled by law to additional jail credit. Nonetheless, his second claim is easily resolved on the merits. In its order denying Washington's motion, the district court relied on the following statute:

> If an inmate of a state correctional facility is convicted of [assault] while confined in the facility, the sentence imposed for the assault shall be executed and run consecutively to any unexpired portion of the offender's earlier sentence. *The inmate is not entitled to credit against the sentence imposed for the assault for time served in confinement for the earlier sentence.* The inmate shall serve the sentence for the assault in a state correctional facility even if the assault conviction was for a misdemeanor or gross misdemeanor.

Minn.Stat. § 609.2232 (emphasis added). There is no dispute that, when he assaulted a correctional officer on August 1, 2004, Washington was an inmate in the Rush City Correctional Facility, serving an unexpired prison sentence. Thus, the dis-

trict court's sentence, including its denial of Washington's request for jail credit, is authorized by law.

**3.**

Washington last argues that the state failed to prove his identity beyond a reasonable doubt. The district court treated this part of Washington's motion as a request for postconviction relief and concluded that it is procedurally barred under *Knaffla.*

 Washington's third claim is not a challenge to his sentence. Rather, his third claim attacks his conviction. Washington's third claim plainly is outside the scope of rule 27.03, subdivision 9. *See Johnson,* 801 N.W.2d at 176 (concluding that the "plain language" of rule 27.03, subdivision 9, "does not allow a defendant to challenge his conviction").

Because Washington's third claim is not properly filed under rule 27.03, subdivision 9, we must analyze it as if it had been filed as a postconviction petition under chapter 590. *See Johnson,* 801 N.W.2d at 176. In that event, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *Knaffla,* 309 Minn. at 252, 243 N.W.2d at 741; *see also Quick,* 757 N.W.2d at 280. Furthermore, "matters raised or known but not raised in an earlier petition for postconviction relief will generally not be considered in subsequent petitions for postconviction relief." *Powers,* 731 N.W.2d at 501; *see also* Minn. Stat. § 590.04, subd. 3.

 Washington did not assert his third claim in his 2007 direct appeal or his 2008 postconviction petition. But the facts underlying Washington's third claim plainly were known to him or should have been known to him at earlier times. Washington seeks to invoke an exception to the *Knaffla* rule, but he may not do so for the first time on appeal because he did not assert the exception in his motion papers in the district court. *See Ashby v. State,* 752 N.W.2d 76, 79 (Minn.2008). Thus, Washington's third claim is procedurally barred.

**DECISION**

The district court did not err by denying Washington's motion to correct sentence filed pursuant to rule 27.03, subdivision 9.

**Affirmed.**