*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0476**

Abdirisak Dahir Jama, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed November 3, 2014
Affirmed
Peterson, Judge**

Hennepin County District Court
File No. 27-CR-07-128396

Kirk M. Anderson, Anderson Law Firm, PLLC, Minneapolis, Minnesota; and

I. Chris Ritts, Dunlap & Ritts, PA, Minneapolis, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Jean Burdorf, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Reyes, Presiding Judge; Peterson, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

In this appeal from a postconviction court's determination that appellant's request to modify his 2008 sentence is barred, appellant argues that modification is in the

interests of justice because his 219-month prison sentence is excessive and unfairly exaggerates the criminality of his conduct. We affirm.

## FACTS

In December 2007, appellant Abdirisak Dahir Jama and four others barged into A.A.'s apartment while A.A. was present with four friends. Appellant held the five victims at gunpoint, hit one of the victims on the head with the gun, threatened to kill them, and demanded their money and cell phones. The intruders took the victims' wallets, money, and cell phones.

Appellant was charged with five counts of first-degree aggravated robbery and one count of possession of a firearm by a prohibited person, and a jury found him guilty of all charges. In May 2008, appellant was sentenced to 105 months for one count of aggravated robbery, 57 months for each of the remaining four counts of aggravated robbery, and 60 months for unlawful firearm possession. The district court ordered three of the sentences for aggravated robbery to run consecutively and ordered the remaining sentences to run concurrently, which resulted in a 219-month sentence. Appellant filed a direct appeal in which he raised discovery issues, challenged an evidentiary ruling, and argued that his trial counsel was ineffective. *See State v. Jama*, No. A08-1337 (Minn. App. Aug. 11, 2009), *review denied* (Minn. Oct. 20, 2009). This court affirmed the convictions, and the supreme court denied further review.

In August 2013, appellant filed a petition for postconviction relief arguing that, because his offenses were committed as part of a single behavioral incident, his consecutive sentences were prohibited under Minn. Stat. § 609.035 (2012). He asserted

that his 219-month sentence is disproportionate to the offenses committed and unfairly exaggerates the criminality of his conduct, and he asked that the robbery sentences be modified to run concurrently. The district court denied the request for postconviction relief, holding that appellant's challenge to his sentence is barred because it could have been raised on direct appeal and because the postconviction petition was not filed within two years of appellate disposition of appellant's direct appeal.

## D E C I S I O N

An appellate court reviews a summary denial of postconviction relief for an abuse of discretion. *Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005). "A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *State v. Nicks*, 831 N.W.2d 493, 503 (Minn. 2013) (quotation omitted).

"No petition for postconviction relief may be filed more than two years after . . . an appellate court's disposition of petitioner's direct appeal." Minn. Stat. § 590.01, subd. 4(a) (2012). For the purpose of applying this two-year limit, a conviction becomes final 90 days after a decision by the Minnesota Supreme Court on a direct appeal if a petition for certiorari is not filed with the United States Supreme Court. *Berkovitz v. State*, 826 N.W.2d 203, 207 (Minn. 2013). Appellant did not challenge his sentence on direct appeal. His postconviction petition was filed more than two years after the supreme court denied review of his direct appeal and expiration of the time to file a petition for certiorari. Appellant acknowledges these facts, but he argues that postconviction relief is warranted in the interests of justice.

3

The two-year limit in section 590.01, subdivision 4(a), does not bar consideration of a postconviction claim if "the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice." Minn. Stat. § 590.01, subd. 4(b)(5) (2012). The interests-of-justice exception applies only in "exceptional situations." *Gassler v. State*, 787 N.W.2d 575, 586 (Minn. 2010). The "interests of justice" referred to in section 590.01, subdivision 4(b)(5), "relate to the *reason* the [postconviction] petition was filed after the 2-year time limit in subdivision 4(a), not the *substantive* claims in the petition." *Sanchez v. State*, 816 N.W.2d 550, 557 (Minn. 2012) (emphasis in original).

> When the only injustice claimed is identical to the substance of the petition, and the substance of the petition is based on something that happened before or at the time a conviction became final, the injustice simply cannot have caused the petitioner to miss the 2-year time limit in subdivision 4(a), and therefore is not the type of injustice contemplated by the interests-of-justice exception in subdivision 4(b)(5).

*Id.*

Appellant does not provide any excuse for failing to raise his challenge to his sentence on direct appeal, nor does his challenge rely on any facts or law that would not have been known at the time of the direct appeal. He contends only that his postconviction claim should be reviewed because it has merit. Appellant has not established that the interests of justice require review of his postconviction petition.

Appellant also argues that his petition is not time barred because a court may correct a sentence not authorized by law at any time. *See* Minn. R. Crim. P. 27.03, subd. 9. This court has stated that the two-year limit on postconviction relief does not apply to

4

a motion to correct a sentence under rule 27.03, subdivision 9. *See Washington v. State*, 845 N.W.2d 205, 211 (Minn. App. 2014). But rule 27.03, subdivision 9, may be used only to assert that a sentence is "not authorized by law" in that "the sentence is contrary to an applicable statute or other applicable law." *Id.* at 214.

Appellant's postconviction argument is not that his sentence is contrary to an applicable statute or law. Appellant concedes that, when crimes are committed as part of a single behavioral incident, consecutive sentencing is permissible if the crimes affect multiple victims. *See State v. Edwards*, 774 N.W.2d 596, 605 (Minn. 2009) (stating that "defendants may be sentenced separately for multiple convictions arising from the same behavioral incident if those convictions relate to multiple victims"). Appellant's postconviction argument is that the district court abused its discretion by imposing a prison sentence that is excessive and unfairly exaggerates the criminality of his conduct. Because appellant does not challenge the legality of his sentence and his postconviction petition was filed more than two years after disposition of his direct appeal, postconviction relief is barred. In light of this holding, we need not analyze whether postconviction relief is also barred by the rule announced in *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976).

**Affirmed.**