*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2193**

Steven Todd Parker, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed August 24, 2015
Affirmed
Klaphake, Judge***

Dakota County District Court
File No. 19-K1-05-002937

Steven Todd Parker, Bayport, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, G. Paul Beaumaster, Assistant County Attorney, Hastings, Minnesota (for respondent)

        Considered and decided by Peterson, Presiding Judge; Ross, Judge; and Klaphake, Judge.

─────────────────

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KLAPHAKE**, Judge

Appellant Steven Todd Parker filed a motion for correction of sentence after two previous appeals of his sentence. *State v. Parker*, No. A09-0345 (Minn. App. Nov. 10, 2009), *review denied* (Minn. Jan. 19, 2010); *State v. Parker*, No. A07-0968 (Minn. App. Aug. 5, 2008). The district court treated his motion as a petition for postconviction relief and denied his petition without an evidentiary hearing. Because the district court correctly treated Parker's motion as a petition for postconviction relief and that petition is time-barred, we affirm.

## DECISION

This court reviews a postconviction proceeding to determine whether there is sufficient evidence to support the postconviction court's findings and whether the postconviction court abused its discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). A person must file their petition for postconviction relief within two years of "an appellate court's disposition of petitioner's direct appeal." Minn. Stat. § 590.01, subd. 4(a)(2) (2012). Subdivision 4(a) does not time bar a petition if the petitioner can show (1) a physical disability or mental disease that prevented a timely petition, (2) newly discovered evidence, (3) a new interpretation of a statute or constitutional law that is "retroactively applicable" to the petitioner, (4) the petitioner was sentenced for a crime committed before May 1, 1980 and a "significant change" in the law has occurred that "should be applied retrospectively," (5) "the petition is not frivolous and is in the interests of justice." *Id.*, subd. 3, 4(b).

"The court may at any time correct a sentence not authorized by law." Minn. R. Crim. P. 27.03, subd. 9. But "an offender may not avoid the requirements of the postconviction act by simply labeling a challenge as a motion to correct sentence under rule 27.03, subdivision 9." *Washington v. State*, 845 N.W.2d 205, 212 (Minn. App. 2014). Accordingly, a district court can treat a motion brought under rule 27.03, subdivision 9 as a petition for postconviction relief if it finds that the offender's challenge is outside the "narrow scope" of the rule. *Id.* at 212-13; *see also Johnson v. State*, 801 N.W.2d 173, 176 (Minn. 2011) (concluding that offender's claim was not proper under rule 27.03, subdivision 9, and reviewing as petition for postconviction relief).

Appellant challenges his sentence on the grounds that the district court had insufficient evidence to impose an upward departure and the district court erroneously admitted certain evidence at the sentencing hearing. Appellant does not argue that the length or terms of his sentence are contrary to applicable statutes or caselaw. *See Washington*, 845 N.W.2d at 214-15. Thus, appellant's claims are beyond of the scope of rule 27.03, subdivision 9, and the district court correctly treated his motion for correction of sentence as a petition for postconviction relief.

The district court denied appellant's petition for postconviction relief on the ground that it is time-barred because it was brought more than two years after this court's disposition of appellant's previous appeal, and none of the exceptions to the time bar apply. This court filed its decision in appellant's last appeal on November 10, 2009, and the supreme court denied review on January 19, 2010. *Parker*, No. A09-0354. Parker filed his current motion on June 3, 2014, well outside the two-year time limit in Minn.

Stat. § 590.01, subd. 4(a).  As the district court stated, appellant does not invoke any of the exceptions to the time bar in Minnesota Statutes section 590.01, subdivision 4(b) in his petition.  *See Rickert v. State*, 795 N.W.2d 236, 241 (Minn. 2011).  Thus, the district court did not err by denying appellant's petition as time-barred.

**Affirmed.**