**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A24-1469**

State of Minnesota, petitioner,
Appellant,

vs.

Justin Kenyatta Watson,
Respondent.

**Filed January 21, 2025**
**Appeal to proceed**
**Ross, Judge**

Scott County District Court
File No. 70-CR-13-8328

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Ronald Hocevar, Scott County Attorney, Elisabeth M. Johnson, Assistant County Attorney, Shakopee, Minnesota (for appellant)

Anders J. Erickson, Johnson Erickson Criminal Defense, Minneapolis, Minnesota (for respondent)

Considered and decided by Ross, Presiding Judge; Cochran, Judge; and Harris, Judge.

**SYLLABUS**

The state may appeal as of right from a final order granting a petition to vacate a second-degree unintentional-felony-murder conviction under the procedure established by 2023 Minn. Laws ch. 52, art. 4, § 24, at 864–68, and as amended by 2024 Minn. Laws ch. 123, art. 4, §§ 19–21, at 2268–71, as an appeal from an order granting postconviction relief under Minn. R. Crim. P. 28.04, subd. 1(3).

## SPECIAL TERM OPINION

**ROSS**, Judge

Justin Watson pleaded guilty in 2013 to aiding and abetting second-degree unintentional felony murder in violation of Minnesota Statutes sections 609.19, subdivision 2(1), and 609.05 (2012). Watson successfully petitioned the district court to vacate that conviction, and the state filed a notice of appeal to challenge the district court's vacatur order. We now consider whether the state may challenge that order on appeal.

The legislature in 2023 and 2024 enacted a process for a person convicted of aiding and abetting second-degree unintentional felony murder to petition to have that conviction vacated. 2023 Minn. Laws ch. 52, art. 4, § 24, at 864–68, *amended by* 2024 Minn. Laws ch. 123, art. 4, §§ 19–21, at 2268–71. We refer to these 2023 and 2024 session laws collectively as "the Act." First, the convicted person submits a preliminary application to file a petition in the district court. 2023 Minn. Laws ch. 52, art. 4, § 24, subd. 4, at 865. Next, the district court determines whether to approve the application and allow the applicant to file a petition to vacate the conviction. *Id.*, subds. 5–6, at 865–67. The district court then schedules a hearing on any petition where the state withholds its support and the applicant has a reasonable probability of obtaining relief. *Id.*, subd. 6, at 866–67. Finally, the district court determines whether the petitioner qualifies for relief, and, if he does, the district court issues an order vacating the conviction and does one of three things, depending on the circumstances:

> (1) resentence the petitioner for the most serious remaining offense for which the petitioner was convicted;

(2) enter a conviction and impose a sentence for any other predicate felony arising out of the course of conduct that served as the factual basis for the conviction vacated by the court; or

(3) enter a conviction and impose a sentence for any lesser included offense as described in Minnesota Statutes, section 631.14.

2024 Minn. Laws ch. 123, art. 4, § 20, at 2269–70.

The district court approved Watson's preliminary application. Watson then petitioned the district court to vacate his conviction, and the district court conducted a hearing. The district court granted the petition in a July 2024 order, vacating Watson's conviction for aiding and abetting second-degree unintentional felony murder. In an August 2024 order, the district court entered a conviction for aiding and abetting first-degree aggravated robbery, an offense charged in the original complaint but dismissed when Watson pleaded guilty to second-degree felony murder. The district court sentenced Watson for that conviction. The state filed a notice of appeal seeking our review of the July and August 2024 orders.

The Act does not say whether the state may appeal from an order granting a petition for relief under this term. We questioned jurisdiction and considered the parties' informal memoranda on this issue. In an order filed on October 30, 2024, we accepted jurisdiction over this appeal as from an order granting postconviction relief. We now explain why we did so.

## DECISION

The state filed this appeal as from an order granting a petition for postconviction relief and urges us to accept the appeal on that basis. Watson argues that an order granting

3

relief under the Act is not appealable because the legislature did not include a provision expressly empowering the state with the right to appeal. For the following reasons, we conclude that the state may appeal a final order granting a petition to vacate a conviction for aiding and abetting second-degree unintentional felony murder under the Act as a postconviction appeal.

We are informed by our reasoning in a recent decision in which we addressed basically the opposite circumstance of a district court's decision *denying* a preliminary application to file a petition seeking to vacate a conviction of aiding and abetting unintentional felony murder. In *Raisch v. State*, we considered the appealability of an order denying a preliminary application to petition for vacation. 8 N.W.3d 237, 239 (Minn. App. 2024). We held that a defendant may appeal a final order denying a preliminary application, analogizing the order to an order denying a petition for postconviction relief under Minnesota Rule of Criminal Procedure 28.02, subdivision 2(1), and Minnesota Statutes section 590.06 (2022). *Id.* at 241–42. We reasoned that the district court's denial of a preliminary application is a final order because it terminates the applicant's opportunity to seek relief. *Id.* at 241. We further reasoned that the new process shares characteristics with postconviction proceedings in that it involves an application filed in the district court file from which the conviction is obtained, no filing fee is required, and the available remedies include vacating a conviction and resentencing the defendant. *Id.* We also recognized that the postconviction remedy is broad. It has been construed as encompassing motions to correct a sentence under Minnesota Rule of Criminal Procedure 27.03, subdivision 9, and to include a right to appeal an order granting or denying a motion to correct a sentence even

4

though Minnesota Rule of Criminal Procedure 28 does not expressly provide for an appeal as a matter of right. *Id.* (citing *Washington v. State*, 845 N.W.2d 205, 211 n.1 (Minn. App. 2014)). Unlike the applicant in *Raisch*, whose preliminary application was denied, Watson obtained relief from his felony-murder conviction under the Act. The question here is therefore whether the *state* may appeal as of right from a final order *granting* a *petition* for relief under the Act. Our answer is yes.

We recognize that the state's right to appeal is limited. *State v. Rourke*, 773 N.W.2d 913, 923 (Minn. 2009). "There must be a statute or court rule that permits the appeal, or the issue must arise by necessary implication from an issue where the State's right to appeal is expressly provided." *Id.* (quotation omitted). And we observe that, because state appeals are disfavored, the rules governing the state's right to appeal are strictly construed. *State v. Lugo*, 887 N.W.2d 476, 481 (Minn. 2016). The criminal procedural rules expressly provide the state with a right to appeal from an order granting postconviction relief under chapter 590. Minn. R. Crim. P. 28.04, subd. 1(3). The legislature also provided the state a right to appeal an order granting postconviction relief: "An appeal may be taken to the court of appeals . . . from the order granting relief or denying the petition within 60 days after the entry of the order." Minn. Stat. § 590.06 (2024). As we observed in *Raisch*, the relief afforded a petitioner under the Act is within the scope of relief afforded a petitioner in the postconviction-remedy statute: "to vacate and set aside the judgment and to discharge the petitioner or to resentence the petitioner . . . or make other disposition as may be appropriate." Minn. Stat. § 590.01, subd. 1 (2024); *Raisch*, 8 N.W.3d at 241. The Act also provides for a hearing on a petition for relief to be conducted according to Minn. Stat.

§ 590.04 (2024), which governs postconviction evidentiary hearings. 2023 Minn. Laws ch. 52, art. 4, § 24, subd. 6(f), at 867. And although it adds little to our opinion, we observe in this case that the district court also titled the order vacating the conviction an order on postconviction.

In summary, although the Act does not expressly provide the state with a right to appeal a final order granting a petition for relief, a statute and a court rule expressly afford the state the right to appeal an order granting postconviction relief. *See* Minn. R. Crim. P. 28.04, subd. 1(3); Minn. Stat. § 590.06. And because the relief afforded under the Act is consistent with the scope of relief provided in the postconviction-remedy statute, we necessarily infer from the state's right to appeal an order granting postconviction relief that the state may likewise appeal from an order granting relief under the Act. We therefore hold that the state may appeal from a final order granting a petition to vacate a second-degree unintentional-felony-murder conviction under the Act as an appeal from an order granting postconviction relief.

**Appeal to proceed.**