*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-0613**

Travis Clay Andersen, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed October 13, 2025
Affirmed
Bentley, Judge**

Carver County District Court
File No. 10-CR-07-251

Travis Clay Andersen, Rush City, Minnesota (self-represented appellant)

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Mark Metz, Carver County Attorney, Jeffrey D. Albright, Assistant County Attorney, Chaska, Minnesota (for respondent)

Considered and decided by Larson, Presiding Judge; Wheelock, Judge; and Bentley, Judge.

**NONPRECEDENTIAL OPINION**

**BENTLEY**, Judge

In this appeal from an order denying postconviction relief, appellant Travis Clay Andersen argues (1) the district court abused its discretion by summarily denying his petition and (2) his sentence for a terroristic-threats conviction is unlawful. We conclude

that the district court did not abuse its discretion in determining that the issues raised in Andersen's postconviction petition are procedurally barred and did not err in determining that his sentence is not unlawful. We therefore affirm.

**FACTS**

In April 2007, respondent State of Minnesota charged Andersen with kidnapping, false imprisonment, terroristic threats, domestic assault, and interference with an emergency telephone call. Andersen pleaded guilty to felony terroristic threats, in violation of Minn. Stat. § 609.713, subd. 1 (2006), and to gross-misdemeanor domestic assault, in violation of Minn. Stat. § 609.2242, subd. 2 (2006). The other charges were dismissed.

At sentencing, the district court stayed imposition of sentence for both counts, for up to five years, pending probation, and established interim conditions. Andersen was discharged from probation on the domestic-assault conviction in September 2009 and on the terroristic-threats conviction in August 2012. At the time of discharge, both offenses were deemed to be misdemeanors under Minn. Stat. § 609.13 (2008).

In 2023, Andersen filed a self-represented petition for postconviction relief with a supplemental memorandum filed by his appellate public defender. He argued that his plea was involuntary because he was induced to enter it as a result of ineffective assistance of trial counsel. Andersen claimed his representation was objectively unreasonable because trial counsel (1) erroneously told him that he was entering an *Alford* plea when it was a standard plea and (2) did not explain the consequences of his plea, including that the conviction would be treated as a felony for purposes of calculating his criminal history score in subsequent criminal matters and that he would have to register as a predatory

offender. Andersen also argued his plea was unintelligent because of his misunderstanding of the offense level and the predatory-offender-registration requirement, and that his plea lacked an adequate factual basis because the allegations in the complaint were inaccurate. In addition to his challenges to the plea, he argued that he was entitled to postconviction relief because his conviction was considered a felony, despite being deemed a misdemeanor, when it was used to calculate his criminal history score in subsequent criminal proceedings. And he maintained that the requirement that he register as a predatory offender violated his due-process rights.

The district court summarily denied Andersen's first postconviction petition, determining that his claims were time-barred because he did not raise them within two years of the date his claims arose. Specifically, the district court determined that Andersen knew about the factual basis for the plea when it was entered; he knew or should have known about his reasons for plea withdrawal by May 2007, when he moved for plea withdrawal; he conceded that he knew of the registration requirement in May 2014; he knew or should have known to bring the ineffective-assistance-of-counsel claim within two years of his plea; and he knew or should have known about the effect of his conviction on his criminal-history score when he was convicted of future offenses. Andersen appealed the district court's order denying him postconviction relief, and this court affirmed. *Andersen v. State*, No. A23-1835, 2024 WL 3250299 (Minn. App. July 1, 2024), *rev. denied* (Minn. Sept. 25, 2024).

In February 2025, Andersen filed a second petition for postconviction relief. Again, he argued that the plea was involuntary, unintelligent, and lacked a factual basis, and that

the predatory-offender-registration requirement is unconstitutional as applied to him. He also raised two new arguments: (1) that his sentence was unauthorized because the terroristic-threats statute, Minn. Stat. § 609.713, subd. 1, "does not have a misdemeanor subdivision"; and (2) he received ineffective assistance of appellate counsel because the appellate public defender told him "for over a decade there is no remedy to correct the manifest injustice and unauthorized sentence" for the terroristic-threats count and because appellate counsel failed to raise the issue about his terroristic-threats conviction counting as a felony in other cases.

The district court summarily denied Andersen's second postconviction petition, determining that his claims were either time-barred or procedurally barred, and no exceptions to those bars applied. As to Andersen's challenge to his sentence, the district court construed the relevant portion of the petition as a motion to correct the sentence and determined that Andersen's sentence was not unlawful.

Andersen appeals.

## DECISION

Andersen challenges the district court's determination that his postconviction claims are barred. He also argues that his sentence was unauthorized because the terroristic-threats statute references only a felony penalty, making it illegal for the district court to deem his conviction a misdemeanor under Minn. Stat. § 609.13. And, he argues, if his terroristic-threats conviction is indeed a misdemeanor, he should not have been assigned a felony point for that offense when he was sentenced for subsequent convictions. The state contends that the district court correctly determined that Andersen's arguments are

4

procedurally barred and that his sentence was not unauthorized. We first address Andersen's arguments that his claims are not barred and then turn to his arguments relating to sentencing.

**I**

Appellate courts review a district court's summary denial of a postconviction petition for an abuse of discretion. *Tichich v. State*, 4 N.W.3d 114, 119 (Minn. 2024). In doing so, appellate courts review the district court's factual findings for clear error and its legal conclusions de novo. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012).

A district court must grant a postconviction petition's request for an evidentiary hearing "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2024). A postconviction petition is subject to a procedural bar on successive challenges. *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976). That procedural bar, also known as the *Knaffla* rule, "bars consideration of claims that were raised, or could have been raised, in a previous postconviction petition." *Colbert v. State*, 870 N.W.2d 616, 626 (Minn. 2015). "For an unraised claim, there are two exceptions to the *Knaffla* procedural bar: (1) if a novel legal issue is presented; or (2) if the interests of justice require review." *Gilbert v. State*, 2 N.W.3d 483, 487 (Minn. 2024). "The petitioner has the burden of demonstrating that the exception to the *Knaffla* rule applies." *Id.* at 489. If a claim is procedurally barred, a district court may summarily deny it. *Colbert*, 870 N.W.2d at 622.

The district court applied the procedural bar in summarily denying the claims in Andersen's second postconviction petition that he had previously raised in his first

5

postconviction petition. Those claims were that: (1) Andersen's plea was invalid and (2) the predatory-offender-registration requirement is unconstitutional as applied to him. *See Andersen*, 2024 WL 3250299, at *1-3 (analyzing Andersen's arguments about the predatory-offender-registration requirement and plea validity from his first postconviction petition). We discern no abuse of discretion in the district court's summary denial of these claims, which are raised for a second time and are therefore procedurally barred under *Knaffla*. *See Colbert*, 870 N.W.2d at 626.

Other than Andersen's arguments regarding sentencing, which we discuss in the next section, only one argument was raised for the first time in his second postconviction petition: that he received ineffective assistance of appellate counsel because the appellate public defender told him "for over a decade there is no remedy to correct the manifest injustice and unauthorized sentence" for the terroristic-threats count. The district court determined that this claim was procedurally barred because Andersen could have raised it in the first postconviction petition, based on Andersen's admission that he contacted the appellate public defender "as early as 2007" about the issue. And because Andersen did not establish that a novel legal issue was presented or that the interests of justice required review, the district court determined that no exception to *Knaffla*'s procedural bar applied to this claim.

We discern no abuse of discretion in the district court's determination that Andersen's ineffective-assistance-of-appellate-counsel claim is procedurally barred.[1]

---

[1] The district court also determined that Andersen's ineffective-assistance-of-appellate-counsel claim is barred under the statutory two-year time limit on postconviction claims

Andersen argues that the interests-of-justice exception applies because his claims are valid on the merits and should be addressed. But to qualify under that exception, a petitioner must show not only that the petition has substantive merit, but also that the petitioner did not "deliberately and inexcusably delay[] in bringing the claim." *Gilbert*, 2 N.W.3d at 488. On appeal, Andersen does not provide any reason why he did not or could not have raised the claim in his first postconviction petition.

Because Andersen's claims were or could have been raised in a previous postconviction petition, and Andersen has not established that an exception applies, the claims are procedurally barred. The district court did not abuse its discretion in summarily denying the claims in Andersen's second postconviction petition.

## II

Next, we address Andersen's arguments relating to sentencing. Specifically, he argues that his sentence was unlawful because the terroristic-threats offense (1) was deemed a misdemeanor, even though the relevant statute does not contain a misdemeanor provision and (2) was assigned felony weight in subsequent sentencing decisions. Like the district court, we construe these claims as a motion to correct his sentence.

A motion to correct a sentence is not subject to the procedural bar on successive postconviction claims. *Washington v. State*, 845 N.W.2d 205, 211 (Minn. App. 2014). This court "may at any time correct a sentence not authorized by law." Minn. R. Crim. P. 27.03,

---

under Minn. Stat. § 590.01, subd. 4(a) (2024). Because we conclude that the claim is procedurally barred, we need not analyze the district court's application of the statutory time bar.

7

subd. 9; *see also State v. Maurstad*, 733 N.W.2d 141, 145 (Minn. 2007) (providing that "a defendant may not waive review of his criminal history score calculation"). Whether a sentence conforms to the requirements of a statute or the sentencing guidelines is a question of law that we review de novo. *State v. Williams*, 771 N.W.2d 514, 520 (Minn. 2009).

In sentencing a defendant, a district court "may stay imposition or execution of sentence and . . . place the defendant on probation." Minn. Stat. § 609.135, subd. 1(a) (2006). "Notwithstanding [that] a conviction is for a felony," a conviction "is deemed to be for a misdemeanor if the imposition of the prison sentence is stayed, the defendant is placed on probation, and the defendant is thereafter discharged without a prison sentence." Minn. Stat. § 609.13, subd. 1(2).

Turning to Andersen's first argument that the district court erred by deeming his terroristic-threats conviction a misdemeanor, we are not persuaded. The district court stayed imposition of Andersen's sentence, placed Andersen on probation, and discharged him from probation without imposing a prison sentence. Thus, the terroristic-threats conviction was properly "deemed to be for a misdemeanor." *Id.* Andersen presents no authority to the contrary.

We also are not persuaded that Andersen's sentence must be corrected with respect to his second argument, that his sentence should be for a misdemeanor for purposes of assigning its weight in subsequent sentencing decisions. That issue is beyond the scope of a proper postconviction petition or motion to correct a sentence. A postconviction petition may assert claims that "the conviction obtained or the sentence or other disposition made violated [his] rights under the Constitution or laws of the United States or of the state."

8

Minn. Stat. § 590.01, subd. 1(1) (2024). And a defendant may move to correct their sentence. *See* Minn. R. Crim. P. 27.03, subd. 9 (providing that a court "may at any time correct a sentence not authorized by law"). But Andersen's argument does not amount to a true challenge to his sentence in either respect. Rather, he challenges how that sentence affected sentencing for other subsequent offenses. His argument, to the extent it has merit, should have been presented in those subsequent sentencing proceedings. He does not offer any legal basis to disturb the sentence in this case. For that reason, we conclude that the district court did not err in denying Andersen relief.

**Affirmed.**