STATE OF MINNESOTA

IN SUPREME COURT

A13-0789

Court of Appeals                                                    Gildea, C.J.
                                                          Dissenting, Page, J.
                                                          Dissenting, Stras, J.

State of Minnesota,

                    Respondent,

vs.                                                        Filed:  April 15, 2015
                                                     Office of Appellate Courts
Dakari Michael Coles,

                    Appellant.

_____

Lori Swanson, Attorney General, Saint Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Jean Burdorf, Assistant County
Attorney, Minneapolis, Minnesota, for respondent.

Cathryn Middlebrook, Chief Appellate Public Defender, Sara J. Euteneuer, Assistant
State Public Defender, Saint Paul, Minnesota, for appellant.

_____

S Y L L A B U S

1.      Because appellant's motion to correct his sentence implicates his plea

agreement, appellant's exclusive remedy is a petition for postconviction relief.

1

2. Because appellant's motion for correction of his sentence was filed more than 2 years after his conviction became final, the motion is time-barred by Minn. Stat. § 590.01, subd. 4(a) (2014).

Affirmed.

O P I N I O N

GILDEA, Chief Justice.

Appellant Dakari Michael Coles brought a motion challenging his sentence. The district court sentenced Coles pursuant to the terms of a plea agreement in which the State agreed to dismiss several charges, and Coles agreed to receive a sentence for a lesser charge that was an upward durational departure. The question presented is whether Coles may challenge his sentence in a motion to correct his sentence, *see* Minn. R. Crim. P. 27.03, subd. 9 (Rule 27.03), or whether his challenge must be brought in a petition for postconviction relief, *see* Minn. Stat. § 590.01, subd. 1 (2014). The district court held that Coles' challenge must be brought as a petition for postconviction relief and that his motion was time-barred by Minn. Stat. § 590.01, subd. 4(a) (2014). The court of appeals affirmed. Because we conclude that Coles' challenge to his sentence must be brought in a petition for postconviction relief, we affirm.

In 2003, Coles, who was then 16, was at a residence along with an 11-year-old and a 9-year-old. The younger child saw Coles with his penis in the other child's mouth. Coles offered the younger child $10 to keep what she saw to herself, but she told an adult about the incident.

2

Respondent the State of Minnesota filed a delinquency petition charging Coles with first-degree criminal sexual conduct under Minn. Stat. § 609.342, subds. 1(a), 2 (2014), Minn. Stat. § 609.109, subd. 7 (2002). In a separate delinquency petition, the State charged Coles with first-degree aggravated robbery under Minn. Stat. §§ 609.245, subd. 1, 609.11, 609.05 (2014), and two counts of simple robbery under Minn. Stat. § 609.24 (2014) for another incident. The State filed motions seeking to certify Coles as an adult for prosecution.[1]

Assuming that Coles was certified as an adult, the presumptive sentence for the first-degree criminal sexual conduct charge was 144 months and the presumptive sentence for first-degree aggravated robbery was 48 months. Minn. Stat. § 609.342, subd. 2(b); Minn. Sent. Guidelines IV & n.2 (2003). Consecutive sentencing for these offenses would not have been considered a departure under the guidelines. Minn. Sent. Guidelines II.F. (2003). As a result, Coles could have received a presumptive, aggregate sentence of 192 months for the charges.

On August 28, 2003, Coles and the State reached a plea agreement. They agreed that Coles would plead guilty to an amended charge of second-degree criminal sexual conduct and to first-degree aggravated robbery in exchange for the State dismissing the first-degree criminal sexual conduct and simple robbery charges. In addition, the parties agreed that Coles would be placed on extended jurisdiction juvenile (EJJ) status, so he

---

[1]   Coles was subject to a presumption of certification for prosecution as an adult for the first-degree criminal sexual conduct and aggravated robbery charges. Minn. Stat. § 260B.125, subd. 3 (2014).

could receive treatment, and that he would receive a stayed, 96-month aggregate sentence. This sentence was based on two 48-month, consecutive sentences. The 48-month sentence for second-degree criminal sexual conduct was an upward durational departure from the presumptive guidelines sentence of 21 months. Minn. Sent. Guidelines IV (2003). The imposition of consecutive sentences was also an upward departure. *Id.*, II.F.

Coles pleaded guilty to second-degree criminal sexual conduct and first-degree aggravated robbery. The district court accepted his guilty plea, placed him on EJJ status, and sentenced him according to the terms of the plea agreement. During the sentencing, the court stated that it based the upward durational departure on the agreement of the parties and the age difference between Coles and the victim, which the court said made the victim vulnerable.

> The basis for the departure is one, this is a negotiation between the parties. . . . I would also find another part of this negotiation besides admission also had to do with the matter being handled as Extended Jurisdiction Juvenile rather than going forward as adult certification. Given the age of the child, of the victim in this matter, that I think [a] very strong argument can be made for the fact that the age difference given the child's develop—stage of child development being what they are, that there was some level of vulnerability for the younger child to being taken advantage of by Mr. Coles and would justify the upward departure.

In a subsequent order, the court also noted that Coles "attempted to manipulate" the younger child "by offering her cash not to tell anyone what she had seen."

In 2005, the district court found that Coles violated the terms of his EJJ probation by failing to complete, and being discharged from, his juvenile sex offender program.

4

Consequently, the district court revoked Coles' EJJ status and executed his consecutive, 48-month sentences.[2]

In 2012, Coles filed a pro se petition for postconviction relief arguing that the court had impermissibly sentenced him. While represented by counsel, Coles later filed a supplemental petition labeled as a petition for postconviction relief, but requesting relief under Minn. R. Crim. P. 27.03, subd. 9. Coles argued that the district court relied on improper justifications to support a departure from the presumptive criminal sexual conduct sentence. The district court denied relief, concluding that Coles' request was time-barred under the 2-year postconviction statute of limitations, Minn. Stat. § 590.01, subd. 4(a). The court determined that the petition for relief was a challenge to Coles' plea agreement, not just his sentence. The court of appeals affirmed, holding that Coles could not use Rule 27.03 "to ignore the substance of his petition." *State v. Coles*, No. A13-0789, 2013 WL 6570058, at *3 (Minn. App. Dec. 16, 2013). Because Coles' challenge implicated his conviction, the court of appeals concluded that the district court properly construed his request as a time-barred petition for postconviction relief. *Id.* at *3-4. We granted Coles' petition for review.

Coles argues that his sentence is "not authorized by law" and must be corrected under Minn. R. Crim. P. 27.03, subd. 9. Coles contends that his sentence is illegal because the district court imposed an upward durational departure for his criminal sexual

---

[2] Coles is now on supervised release. His sentence expiration date is December 8, 2017.

conduct sentence without citing any valid "substantial and compelling reasons for departure." Coles asks our court to correct his sentence by reducing "his consecutive 48-month sentence for criminal sexual conduct to a 21-month concurrent term." The State contends that Coles' request had to be filed under the postconviction statute and that the request is time-barred under that statute. The parties' arguments present issues regarding the interpretation of a procedural rule and statute, questions subject to de novo review. *Christianson v. Henke*, 831 N.W.2d 532, 535 (Minn. 2013); *Johnson v. State*, 801 N.W.2d 173, 176 (Minn. 2011).

I.

The parties disagree over whether Coles' request for correction of his sentence was brought under the postconviction statute or under the rules of criminal procedure. Minnesota's postconviction statute allows a person convicted of a crime to petition the court to correct a sentence when the sentence "violate[s] the person's rights under the Constitution or laws of the United States or of the state." Minn. Stat. § 590.01, subd. 1. The statute imposes a 2-year time limit on petitions for postconviction relief from "the entry of judgment of conviction or sentence if no direct appeal is filed." *Id*., subd. 4(a)(1). Our rules of criminal procedure also give the court authority to correct a sentence in Rule 27.03. The rule provides that "[t]he court may *at any time* correct a sentence not authorized by law." Minn. R. Crim. P. 27.03, subd. 9 (emphasis added).[3]

---

[3] Because Rule 27.03 does not provide a time limit for challenges to a sentence unauthorized by law, but Minn. Stat. § 590.01 does include such a limitation, an
(Footnote continued on next page.)

Coles labeled his supplemental petition as a petition for postconviction relief. But he requested relief pursuant to Rule 27.03. We typically look to the pleadings and the relief sought in order to determine the nature of a claim. *See Abraham v. Cnty. of Hennepin*, 639 N.W.2d 342, 350 (Minn. 2002). But the pleadings in this case are not dispositive because Coles arguably invoked both the postconviction statute and our procedural rule.

While Coles' pleading could be read as invoking both the postconviction statute and Rule 27.03, the language of the statute and the rule, together with our precedent, confirm that Coles' request falls under the postconviction statute. The language of Minn. Stat. § 590.01 is broad and plainly encompasses a motion seeking correction of a sentence. *See* Minn. Stat. § 590.01, subd. 1(1). Based on the statutory language, we have recognized that courts in some circumstances have the authority to treat a request to correct a sentence purportedly brought under Rule 27.03 as a petition for postconviction relief. *See Bonga v. State*, 765 N.W.2d 639, 642-43 (Minn. 2009).

In contrast to the comprehensive language of section 590.01, the plain language of Rule 27.03 is limited to sentences, and the court's authority under the rule is restricted to

---

(Footnote continued from previous page.)
argument could be made that the rule and the statute conflict, thereby raising separation-of-powers concerns. *Cf. State v. Losh*, 721 N.W.2d 886, 890-92 (Minn. 2006). Coles, however, does not argue that applying the statute of limitations provided in Minn. Stat. § 590.01, subd. 4(a), to his motion to correct his sentence violates the separation-of-powers doctrine, and therefore, we will not address the possible conflict. *See Melina v. Chaplin*, 327 N.W.2d 19, 20 (Minn. 1982) (stating that an issue "not argued in the briefs" is waived).

modifying a sentence. Minn. R. Crim. P. 27.03, subd. 9 ("The court may at any time *correct a sentence* not authorized by law." (emphasis added)). We have interpreted Rule 27.03 narrowly, consistent with its language. *See State v. Schnagl*, 859 N.W.2d 297, 298 (Minn. 2015) (holding that Rule 27.03 "is not the proper procedure to obtain judicial review of" an administrative decision "implementing the sentence imposed"). Our decision in *Johnson v. State*, 801 N.W.2d 173 (Minn. 2011), illustrates this point.

In *Johnson*, the defendant filed a motion challenging the sentence the district court imposed as a result of the defendant's guilty plea. *Id.* at 175. The defendant also challenged the validity of his guilty plea. *Id*. Because the defendant's challenge went beyond the sentence, we held that Rule 27.03 did not apply. *See id.* at 176. Instead, we held that the defendant had to seek relief under the postconviction statute. *Id*. We reach the same conclusion in this case.

The district court imposed the sentence at issue as part of the court's acceptance of the parties' negotiated plea agreement. *See* Minn. R. Crim. P. 15.04, subd. 3(1) (noting that "the trial court judge must reject or accept the plea of guilty on the terms of the plea agreement"). If, as Coles requests, his sentence is modified, "the terms of the plea agreement" the parties reached will, in effect, have been rejected. *Id*. In such a circumstance, our criminal rule requires that the defendant be given a chance to withdraw his plea of guilty. *Id.* ("If the court rejects the plea agreement, it must advise the parties in open court and then call upon the defendant to either affirm or withdraw the plea."); *State v. Garcia*, 582 N.W.2d 879, 882 (Minn. 1998) (recognizing that if a court corrects a

sentence that was part of a plea agreement, the defendant "must be allowed to withdraw from the plea agreement if he so chooses"). Accordingly, where the sentence at issue is imposed as part of a plea agreement, a motion to change that sentence impacts more than simply the sentence, and Rule 27.03 does not apply.

But, Coles argues, he is challenging only his sentence, not his plea agreement or conviction, and therefore, he has brought a proper Rule 27.03 motion. We have recognized, however, that a challenge to a sentence imposed as part of a plea agreement involves more than simply the sentence. *See State v. Lewis*, 656 N.W.2d 535, 539 (Minn. 2003). In some plea agreements, the conviction component and the sentence component are "interrelated." *Id.* For example, the parties may have agreed that the defendant would be convicted of a reduced criminal charge but only if the defendant received a sentence longer than the presumptive sentence for the reduced charge. *Id*. at 536. If the defendant succeeds in reducing his or her sentence, he or she retains the benefit of the reduced criminal charge but the State no longer receives the benefit of the longer sentence. *See id*. at 539.

Faced with such a situation, we held in *Lewis* that "where the district court finds no compelling or substantial circumstances supporting an upward departure in the sentence that was agreed upon in a plea agreement, it may consider motions to vacate the conviction and the plea agreement." *Id.* The basis for the challenge to the sentence in *Lewis* was the same as Coles' challenge to his sentence. *Id.* at 537. Moreover, just like the defendant in *Lewis¸* Coles received the benefit of a reduced criminal sexual conduct

9

charge in exchange for agreeing to an upward durational departure on his sentence for that reduced charge. *See id.* at 536. Under *Lewis*, if the district court reduced Coles' sentence due to improper departure justifications, which is the relief Coles seeks, the court would be "free to consider the effect that changes in the sentence have on the entire plea agreement."[4] *Id.* at 539.

Based on our precedent, it is clear that Coles' request involves more than simply the sentence the district court imposed; it involves the plea agreement itself.[5] The State and Coles recognized at the plea hearing that Coles' sentence and conviction were part of a negotiated package in which both Coles and the State received a significant benefit.[6]

---

[4] In *State v. Maurstad*, we ordered the district court to correct a sentence agreed upon in a plea agreement, relying, in part, on Rule 27.03. 733 N.W.2d 141, 147 (Minn. 2007) (holding that a "sentence based on an incorrect criminal history score is an illegal sentence" and is correctable at any time under Rule 27.03). The plea agreement in *Maurstad*, however, stated that the defendant would "be sentenced according to the Minnesota sentencing guidelines." *Id.* at 143. Unlike Coles' requested relief, adjusting Maurstad's sentence to the correct sentence under the guidelines did not deprive either side of the benefit of the bargain reached in the plea agreement. *See id.* The same is not true here. If the district court reduced Coles' criminal sexual conduct sentence, the State would no longer get the benefit of a longer sentence for agreeing to a reduced criminal sexual conduct charge.

[5] Justice Page's dissent argues that "had Coles been convicted after trial and given an illegal sentence, his sentence would be correctable under Rule 27.03 at any time without regard to his conviction." In that case, however, the conviction and sentence would not be interrelated in the way they are in Coles' case. *See Lewis*, 656 N.W.2d at 539.

[6] Justice Page argues that the State will retain "the vast majority of the sentence-related benefits it received" from the plea agreement even if Coles' sentence is corrected. This argument hinges on the fact that Coles already served his prison sentence. As a result, the dissent claims that even if Coles' sentence were shortened, the State would not
(Footnote continued on next page.)

10

Coles' lawyer noted that Coles agreed to a longer sentence for second-degree criminal sexual conduct because it was "part of the negotiation to go from first degree" criminal sexual conduct to second-degree criminal sexual conduct and that it was "a substantial benefit to go from crim sex one to crim sex two." The prosecutor highlighted the importance of the sentence length and that the agreed-to 96-month sentence was "significantly less" than the sentence for the dismissed charge because "crim sex one would be 144 [months] on its own." Although Justice Page is correct that "there are any number of reasons why the State enters into plea agreements," the parties made it clear that in this particular plea agreement, the sentence with an upward departure was a crucial reason.

Because Coles' challenge to his sentence implicates more than simply his sentence, we conclude that it is properly viewed as a petition for postconviction relief under Minn. Stat. § 590.01, not as a motion to correct a sentence under Rule 27.03.[7]

---

(Footnote continued from previous page.)
lose the benefit of the sentence agreed to in the plea agreement. This analysis, however, ignores that its legal conclusion—that an offender who pleads guilty to a reduced charge in exchange for agreeing to an upward departure on his or her sentence may challenge that upward departure in a Rule 27.03 motion—would apply to an offender who still had years to go on his or her sentence. Moreover, even though Coles fully served his prison sentence, he is currently on supervised release. While on supervised release, he is in the legal custody of the commissioner of corrections and is "subject to re-incarceration for breach of a condition of release." *See State v. Schwartz*, 628 N.W.2d 134, 139 (Minn. 2001). If the district court reduced Coles' sentence, the State would lose the benefit of almost 3 years of his supervised release term.

[7] The State offers an alternative argument for why Rule 27.03 does not apply, arguing that the scope of the rule is narrow and allows challenges only to sentences that
(Footnote continued on next page.)

## II.

Coles filed his pleading seeking relief on May 12, 2012, more than 2 years after his conviction was final. Having decided that Coles' request must be construed as a petition for postconviction relief, we hold that Coles' request is time-barred by Minn. Stat. § 590.01, subd. 4(a).[8]

Affirmed.

---

(Footnote continued from previous page.)

are contrary to the statutory maximum provided in the criminal statute. Given our conclusion that Rule 27.03 does not apply to Coles' request, it is not necessary for us to reach this alternative argument.

[8] Justice Page argues that under our holding "there is in effect no remedy for the imposition of an illegal sentence." If Coles' sentence were, in fact, illegal, a point we do not decide today, the postconviction statute provides a remedy. Instead of waiting nearly 9 years to bring his postconviction petition, Coles could have brought a timely postconviction petition challenging his sentence within 2 years of his conviction. *See* Minn. Stat. § 590.01, subd. 4(a). Moreover, the time-bar in the postconviction statute has several exceptions that may allow a court to hear a challenge to a sentence that implicates a plea agreement and conviction in an appropriate case. *See* Minn. Stat. §590.01, subd. 4(b). Coles does not contend that he has satisfied any of these exceptions. In addition, Minn. Stat. § 590.01 is the exclusive remedy for challenging the validity of a conviction "unless it is inadequate or ineffective." Minn. Stat. § 590.01, subd. 2 (2014). Coles, however, does not argue that that the postconviction statute would not be adequate or effective and as such we do not address this provision. *See Johnson*, 801 N.W.2d at 176 (stating that because the defendant had not argued that a petition for postconviction relief would be inadequate or ineffective, his exclusive remedy was a petition for postconviction relief, not a Rule 27.03 motion).

D I S S E N T

PAGE, Justice (dissenting).

"Curiouser and curiouser!" Lewis Carroll, *Alice's Adventures in Wonderland* (1865), *reprinted in The Annotated Alice* 35 (Martin Gardner ed., Bramhall House 1960). The result reached by the court and the reasoning behind that result are flawed in a way that brings to mind Alice's exclamation. The court holds that Coles' motion to correct his sentence "is properly viewed as a petition for postconviction relief under Minn. Stat. § 590.01, not as a motion to correct a sentence under Rule 27.03." This holding rests on the court's unsupported conclusion that the "challenge to his sentence implicates"[1] his conviction. Even though it is clear from Coles' motion that he is not challenging his conviction, the court arrives at its conclusion by ignoring the fact that a mere change in Coles' sentence does not of necessity require the sentencing court to take any action with respect to Coles' conviction. With apologies to Alice, "Oh dear, what nonsense [the court is] talking!" Carroll, *supra* at 36.

Minnesota Rule of Criminal Procedure 27.03, subdivision 9, provides that a "court *may* at any time correct a sentence not authorized by law" (emphasis added), provided that the court "does not increase the period of confinement." Under the plain language of Rule 27.03, a defendant may not challenge his conviction, and Coles has not sought to do so in this case. *Johnson v. State*, 801 N.W.2d 173, 176 (Minn. 2011). While it is true

---

[1] Implicate means "[t]o be involved or affected." *Black's Law Dictionary* 770 (8th ed. 2004).

that if Coles' sentence is corrected the State may choose to seek withdrawal from the plea agreement, the State's act of seeking to withdraw, if taken, does not flow either directly or necessarily from the correction of Coles' sentence. Indeed, the correction of Coles' sentence by itself will not alter his conviction. If his sentence is corrected, Coles would still stand convicted of second-degree criminal sexual conduct and first-degree aggravated robbery. It is only an independent act by the State seeking withdrawal from the plea agreement that could possibly implicate Coles' conviction. In this case, whether the State would seek to withdraw from the plea agreement is purely speculative. Interestingly, even if the State were to move to withdraw from the plea agreement, which at this point it has not, Coles' conviction would not be affected unless and until the district court, in exercising its discretion, granted the State such relief. *See State v. Lewis*, 656 N.W.2d 535, 539 (Minn. 2003) ("[W]here the district court finds no compelling or substantial circumstances supporting an upward departure in the sentence that was agreed upon in a plea agreement, it *may consider motions* to vacate the conviction and the plea agreement." (emphasis added)); *see also id.* ("We agree . . . that the district court should *be free to consider* the effect that changes in the sentence have on the entire plea agreement." (emphasis added)).

While the court relies on *Johnson*, 801 N.W.2d 173, this is a very different case from *Johnson*. In *Johnson*, we held that the defendant's Rule 27.03 motion should have been brought as a petition for postconviction relief under Minn. Stat. § 590.01 (2014), because the motion challenged his conviction. 801 N.W.2d at 176. Unlike here, the

defendant in *Johnson* not only sought a corrected sentence, but also directly challenged the validity of his guilty plea, and thus his conviction. *Id.* at 175. Because the district court granted the defendant's request for a corrected sentence, the only issues on appeal in *Johnson* related to Johnson's challenge to his conviction. *Id.* As noted earlier, here Coles only seeks correction of his sentence and no issues related to his conviction are properly before us. On that basis, I conclude that Coles' motion does not implicate his conviction and was properly brought under Rule 27.03.

The court's reasoning to the contrary rests on two faulty assumptions. First, the court assumes that in every case the State will necessarily lose the benefits of its bargained-for plea agreement if a defendant is permitted to bring a motion to correct his or her sentence under Rule 27.03, and second, that even if the State loses some of the benefits of its bargain it will, in *every* case, reflexively seek to withdraw from the plea agreement. In this case, the court asserts that "the parties made it clear that in this particular plea agreement, the sentence with an upward departure was a crucial term." The court also asserts that the State "would lose the benefit of almost 3 years of his [conditional] release term" if Coles' sentence was corrected. While the court's assertions *may* be accurate, the facts of this case should not dictate the outcome of all cases.

In analyzing the facts of this case, the court ignores three crucial points.[2] First, because Coles' sentence is not authorized by law, the State, on the record before us, was

---

[2]   While I go into the facts of this case to demonstrate that the court's statements are unsupported, by no means do I suggest that these facts change the plain meaning of

(Footnote continued on next page.)

not entitled when it entered into the plea agreement, and is not entitled now, to the benefit of the upward sentencing departure. A sentence that is unauthorized by law is an illegal sentence. Therefore, it is difficult to understand how the State could actually "lose" a benefit if Coles' sentence is corrected to comply with the requirements of the sentencing guidelines. It is also worth noting that, if Coles' sentence is unauthorized by law, the State would not "lose" anything here that would not be lost as a result of a timely petition for postconviction relief under Minn. Stat. § 590.01, subd. 1. If Coles' sentence had been corrected pursuant to a timely postconviction petition, the State would have received much less benefit from its bargain than it actually has received given that Coles has served all of the prison time required by the plea agreement and a significant portion of the supervised and conditional release periods. Even if his sentence is corrected, Coles' time served cannot be reduced.

Second, given the facts of this case, the court ignores the substantial benefits that the State has already received from this illegal sentence, which will not be lost to the State if Coles' sentence is corrected. Regardless of whether Coles' sentence is corrected, the State will retain the vast majority of the sentence-related benefits it received from the plea agreement. In addition to the prison sentence, supervised release, and conditional release time already served, the State has benefited from not having to prove Coles' guilt beyond a reasonable doubt and not having to face an uncertain outcome at trial.

---

(Footnote continued from previous page.)
Minn. R. Crim. P. 27.03, subd. 9—that an illegal sentence may be corrected "at any time."

Additionally, correction of Coles' sentence will not change Coles' criminal history score going forward or the fact that Coles has a felony conviction.[3]

Finally, the court ignores the fact that there is no guarantee that the State will in fact lose *any* sentence-related benefit if Coles' illegal sentence is allowed to be corrected under Rule 27.03. A corrected sentence will not always mean a reduced sentence. For example, on remand, in the context of Coles' plea agreement, there is nothing to preclude the district court from allowing the State to make the case that there are other substantial and compelling circumstances justifying an upward departure. If the State successfully made that case, Coles' sentence would not need to be reduced.

It is true that the State *might* seek to have Coles' conviction vacated for the reasons articulated by the court *if* Coles' sentence was in fact reduced. But it is also true that there are any number of reasons why the State enters into plea agreements and why the State, in this case and in general, might rationally choose not to seek to vacate a plea agreement even if the defendant's sentence is reduced. The court, however, creates a rule that presumes that in every case involving a plea bargain the State will seek to and be entitled to withdraw from the plea agreement. That blanket rule disregards the various considerations that the State would take into account in deciding whether to seek withdrawal. We should not be making decisions based on speculation as to how the

---

[3] Nor would a determination that Coles' sentence was illegal entitle him to compensation from the State. *See* Minn. Stat. § 611.362, subd. 1 (2014) (explaining that a person must receive "an order under section 590.11 determining that the person is entitled to compensation based on *exoneration*" (emphasis added)).

parties may proceed on remand or how the district court will rule. Because the State's decision to withdraw from a plea agreement is in fact an independent act that does not flow either directly or necessarily from permitting a defendant to challenge his or her illegal sentence under Rule 27.03,[4] it is improper for our court to decide in advance in all cases for all time that every challenge to an illegal sentence affects the underlying conviction.

Because an unlawful sentence may, under Rule 27.03, be corrected at any time, Coles' motion to correct his sentence is not time barred. The only question remaining is whether Coles is entitled to have his sentence corrected because it is illegal. The answer to that question is yes.

The sentence ranges set forth in the Minnesota Sentencing Guidelines "are presumed to be appropriate" and a departure from the presumptive sentence must be supported by "substantial and compelling circumstances." Minn. Sent. Guidelines II.D (2003). As a general rule, the maximum upward durational departure that can be justified by aggravating circumstances is double the presumptive sentence. *State v. Evans*, 311 N.W.2d 481, 483 (Minn. 1981). Only in the "extremely rare" cases that present "severe aggravating circumstances" may the sentencing court impose a greater-than-

---

[4]     I acknowledge that the State may have difficulty in reconvicting a defendant if the defendant's sentence is corrected many years later under Rule 27.03 and the State would otherwise desire to withdraw from the plea agreement. The answer is not, however, to ignore the text of the rule, which permits courts to correct an illegal sentence "at any time," Minn. R. Crim. P. 27.03, subd. 9, but instead to formally change the rule.

double upward departure from the presumptive sentence. *State v. Spain*, 590 N.W.2d 85, 89 (Minn. 1999); *State v. Mortland*, 399 N.W.2d 92, 94 & n.1 (Minn. 1987).

In this case, Coles' sentence of commitment to the Commissioner of Corrections for 48 months for second-degree criminal sexual conduct, Minn. Stat. § 609.343, subd. 1(a) (2014), is a greater-than-double upward durational departure from the presumptive stayed sentence of 21 months. The record clearly indicates that the reasons relied upon by the district court to justify this departure—namely, the agreement between the parties and the age difference between Coles and the victim—are improper. *See State v. Misquadace*, 644 N.W.2d 65, 72 (Minn. 2002) (holding that a district court may not rely on the plea agreement alone as a basis for an upward departure); *State v. Peterson*, 329 N.W.2d 58, 60 (Minn. 1983) (concluding that facts "considered by the legislature in determining the severity of the offense" are improper grounds for departure); *see also* Minn. Stat. § 609.343, subd. 1(a) (specifying that a person is guilty of criminal sexual conduct in the second degree if "the complainant is under 13 years of age and the actor is more than 36 months older than the complainant"). The State contends that other information in the record supports the upward departure, specifically the fact that the 9-year-old witnessed the criminal sexual conduct and Coles attempted to bribe her to remain quiet. Although the commission of an offense in the presence of a child can provide a valid basis for an upward departure, *State v. Profit*, 323 N.W.2d 34, 36 (Minn. 1982), the district court made no finding that the presence of the 9-year-old witness in this case made Coles' conduct sufficiently more severe than the typical second-degree

criminal sexual conduct case to justify a greater-than-double durational departure.  Such a finding is more appropriately made by the district court than our court.  Therefore, I would remand to the district court for resentencing.

Because Coles' sentence is a durational departure that is based on improper reasons, it is a sentence unauthorized by law that must be corrected under Minn. R. Crim. P. 27.03, subd. 9.  *Cf. State v. Maurstad*, 733 N.W.2d 141, 147 (Minn. 2007) (holding that a sentence based on an incorrect criminal history score is an illegal sentence that is correctable "at any time" under Minn. R. Crim. P. 27.03, subd. 9); *Misquadace*, 644 N.W.2d at 72 (holding that "all departures from the Minnesota Sentencing Guidelines must be supported by substantial and compelling circumstances").  Under the court's decision, however, for the first time in our court's history, we hold that there is in effect no remedy for the imposition of an illegal sentence.  This result cannot stand.  It contradicts our authority to correct an illegal sentence "at any time" under Rule 27.03, subdivision 9, runs counter to the Legislature's "stated public policy of achieving uniformity in sentencing" by way of the sentencing guidelines, *Maurstad*, 733 N.W.2d at 146, and is inconsistent with our obligation to do justice.

Further, this result does little to discourage the State, which has the power to structure a plea agreement how it wishes, from bargaining for plea agreements that impose sentences not authorized by law.[5]  Interestingly, had Coles been convicted after

---

[5]    It should also be noted that the sentencing court has some culpability here in that it accepted Coles' plea and imposed the agreed-upon sentence, which as imposed was
(Footnote continued on next page.)

trial and given an illegal sentence, his sentence would be correctable under Rule 27.03 at any time without regard to his conviction. But, under today's ruling, because Coles entered into a plea agreement, the same illegal sentence cannot be challenged under Rule 27.03 and cannot and will not be corrected. Such a result, and the reasoning behind that result, is not supported by logic, the text of the rule, our precedent, or, as noted above, our obligation to do justice.

For these reasons, I respectfully dissent.

---

(Footnote continued from previous page.)
clearly unauthorized by law. There needs to be incentive for not only the State but also trial courts to take care that sentences unauthorized by law are not imposed on defendants who enter into plea agreements. That the defendant agrees to and benefits from such a sentence is of no moment.

# DISSENT

STRAS, Justice (dissenting).

Because the parties do not present a separation-of-powers question and the plain language of Minn. R. Crim. P. 27.03, subd. 9, fully resolves the legal issue in this case, I respectfully dissent.