*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0349**

Marcus Allen Brown, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed January 4, 2016
Affirmed
Peterson, Judge**

Hennepin County District Court
File No. 27-CR-05-009930

Marcus A. Brown, Bayport, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Lee W. Barry, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Peterson, Presiding Judge; Halbrooks, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

In his third postconviction petition, appellant seeks relief under Minn. R. Crim. P. 27.03, subd. 9, arguing that his 2005 sentence for second-degree murder must be corrected

because it was unauthorized. Because appellant's motion is a postconviction petition and it is time-barred under Minn. Stat. § 590.01, subd. 4 (2014), we affirm.

**FACTS**

Appellant Marcus Allen Brown was indicted for one count of first-degree murder and two counts of attempted first-degree murder arising out of an incident that occurred on August 19, 2004. On September 12, 2005, the scheduled trial date, Brown pleaded guilty to an amended charge of second-degree intentional murder. At the same time, Brown waived his right to a jury trial on sentencing factors and stipulated that aggravating circumstances existed that supported an upward departure to 432 months from the presumptive sentence of 306 months. *See Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). In the stipulation, Brown agreed that there were three aggravating factors: (1) the offense involved multiple victims; (2) the offense was committed under circumstances of greater-than-normal danger because many people were in the area; and (3) the offense was committed with particular cruelty, because the victim was shot while incapacitated in the presence of his father and Brown failed to seek medical treatment. The state agreed not to proceed on another potential murder charge from 2000, unless new evidence of that crime was discovered.

In October 2005, Brown appeared for sentencing but asked to withdraw his guilty plea. The district court continued the sentencing hearing to December 12, 2005, when Brown indicated that he wanted to proceed with sentencing. The district court sentenced Brown to 432 months, based on the stipulated aggravating factors.

2

Brown filed a direct appeal from his judgment of conviction, but voluntarily dismissed the appeal in June 2006. In October 2007, Brown filed a motion to correct his sentence with the district court, alleging *Blakely* violations and challenging the aggravating factors. The district court treated the motion as a postconviction petition and denied relief, concluding that Brown had waived his right to a *Blakely* hearing. Brown appealed to this court, which affirmed the district court. *Brown v. State*, No. A08-0709, 2009 WL 818424 (Minn. App. Mar. 31, 2009), *review denied* (Minn. June 16, 2009) (*Brown I*). The supreme court denied further review.

In September 2010, Brown filed a second postconviction petition, asking to withdraw his plea based on (1) multiple *Brady* violations; (2) suggestive photo identification procedures; and (3) the state's failure to disclose that a key witness could not identify Brown as the assailant. After an evidentiary hearing, the district court denied Brown's second postconviction petition, concluding that his newly discovered evidence was unreliable and he had failed to sustain his burden of proof. Brown appealed the district court's decision to this court, which affirmed the district court's denial of postconviction relief. *Brown v. State*, No. A11-1503 (Minn. App. Apr. 16, 2012), *review denied* (Minn. June 27, 2012) (*Brown II*). The supreme court denied further review.

In September 2014, Brown filed a motion to correct his sentence, alleging *Blakely* violations and arguing that an upward departure cannot be based solely on a plea agreement. The district court denied Brown's motion, concluding that the motion was a postconviction petition because he sought to withdraw his plea, and that it was time-barred

3

under Minn. Stat. § 590.01 (2014). The district court also concluded that his claims were without merit. This appeal followed.

## D E C I S I O N

A person convicted of a crime may challenge his conviction or sentence by postconviction petition under Minn. Stat. § 590.01, subd. 1, or his sentence by motion to correct a sentence not authorized by law under Minn. R. Crim. P. 27.03, subd. 9. These two remedies coexist but are subject to different conditions. *Vazquez v. State*, 822 N.W.2d 313, 317 (Minn. App. 2012).

A postconviction petition must be filed within two years after the later of the entry of judgment of conviction or sentence if there is no direct appeal, or disposition of a petitioner's direct appeal, subject to certain exceptions. Minn. Stat. § 590.01, subd. 4. In addition, claims that were raised or could have been raised in a prior postconviction petition will not be considered in a subsequent petition for postconviction relief. *Lussier v. State*, 853 N.W.2d 149, 152 (Minn. 2014); *see Jones v. State*, 671 N.W.2d 743, 746 (Minn. 2003) (extending rule of *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976) to subsequent postconviction petitions).

A motion to correct an unauthorized sentence under Minn. R. Crim. P. 27.03, subd. 9, is not subject to the same time bar or a limitation against filing a second or subsequent motion, and may be raised at any time. *Washington v. State*, 845 N.W.2d 205, 211 (Minn. App. 2014). But rule 27.03, subdivision 9, "authorizes relief only if a party challenges a sentence, as opposed to a conviction, and only if a party does so by asserting that a sentence is unauthorized by law in the sense that the sentence is contrary to an applicable statute or

4

other applicable law." *Id.* at 213 (quotation omitted). "[A]n offender may not avoid the requirements of the postconviction act by simply labeling a challenge as a motion to correct a sentence under rule 27.03, subdivision 9." *Id.* at 212. A petition or motion that asserts a challenge to the conviction, seeks to withdraw a guilty plea because the facts at sentencing were inaccurate, or is based on the district court's selection of one of two or more authorized sentences, may not be made in a rule 27.03 motion. *Id.* at 213.

The Minnesota Supreme Court recently stated that when a defendant challenges a sentence that was imposed as part of a plea agreement, a motion for relief under rule 27.03, subdivision 9, "impacts more than simply the sentence." *State v. Coles*, 862 N.W.2d 477, 481 (Minn. 2015). In this situation, a defendant who succeeds in reducing a sentence may retain the benefits, while escaping the consequences, of a plea negotiation. *Id.* Thus, the supreme court held, a challenge to a sentence negotiated as part of a plea agreement should be treated as a petition for postconviction relief under section 590.01, not as a motion to correct a sentence under rule 27.03. *Id.* at 482.

Brown's sentence was negotiated as part of a plea agreement. He pleaded guilty to an amended charge of second-degree intentional murder, a reduction from first-degree murder; the state agreed to forego charges on a second matter, unless new evidence was discovered; he waived his right to a *Blakely* hearing on sentencing and stipulated to three aggravating factors; and the parties agreed to an upward departure from the presumptive sentence. Brown's challenge impacts more than his sentence; the plea negotiation resulted in real benefits to him. The district court did not err by characterizing Brown's current

5

petition as a postconviction petition under section 590.01, rather than a challenge to an unauthorized sentence under rule 27.03.

Because Brown's conviction became final in 2006 when he voluntarily dismissed his direct appeal, his postconviction petition is time-barred under Minn. Stat. § 590.01, subd. 4. Also, although Brown now argues that the aggravating factors are insufficient under the sentencing guidelines to support an upward durational departure, this issue was known at the time of sentencing, could have been raised in his prior postconviction petitions, and is now barred. *See Lussier*, 853 N.W.2d at 152.

We need not address the merits of Brown's postconviction petition because the petition is time-barred, but we note that Brown waived his right to a *Blakely* hearing following the procedures set forth in Minn. R. Crim. P. 26.01, subd. 1(2). *See State v. Thompson*, 720 N.W.2d 820, 827 (Minn. 2006) (holding that defendant may waive his right to a sentencing hearing). This court previously reviewed Brown's *Blakely* waiver and concluded that it was valid. *Brown I*, 2009 WL 818424, at *4. And at least one of the three aggravating factors to which Brown stipulated is a permissible basis for an upward departure from the sentencing guidelines. The Minnesota Supreme Court has "repeatedly held that the risk to bystanders is an appropriate factor for courts to consider when determining the seriousness of a crime." *State v. Edwards*, 774 N.W.2d 596, 607 (Minn. 2009) (affirming upward departure when the assault "generated significant risk of bodily harm to a large number of people"). Brown's challenge to his sentence is without merit.

**Affirmed.**

6