*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0723**

Wilson Newongeby Kpahn,
petitioner,
Appellant,

vs.

State of Minnesota,
Respondent

**Filed January 25, 2016
Affirmed
Worke, Judge**

Hennepin County District Court
File No. 27-CR-07-029966

Cathryn Middlebrook, Chief Appellate Public Defender, Kathryn J. Lockwood, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Brittany D. Lawonn, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Kirk, Presiding Judge; Peterson, Judge; and Worke, Judge.

UNPUBLISHED OPINION

**WORKE**, Judge

Appellant challenges the district court's denial of his motion to correct his sentence, arguing that the district court erred by treating the motion as a petition for postconviction relief and concluding that the petition was time barred. We affirm.

## DECISION

### *Postconviction relief*

Appellant Wilson Newongeby Kpahn argues that the district court erred when it treated his motion to correct his sentence under Minn. R. Crim. P. 27.03 as a petition for postconviction relief. Kpahn presents an issue regarding the interpretation of a procedural rule and statute, which is subject to de novo review. *State v. Coles*, 862 N.W.2d 477, 479 (Minn. 2015).

The appellant in *Coles* was sentenced according to a plea agreement. *Id.* at 480. In his motion to correct his sentence under rule 27.03, Coles argued that his sentence was illegal because the district court impermissibly imposed an upward durational departure. *Id.* at 479. The supreme court stated that when the sentence is "part of a plea agreement, a motion to change that sentence impacts more than simply the sentence, and [r]ule 27.03 does not apply." *Id.* at 481. The supreme court held that because Coles's "challenge to his sentence implicates more than simply his sentence . . . it is properly viewed as a petition for postconviction relief . . . not as a motion to correct a sentence under [r]ule 27.03." *Id.* at 482.

Here, on March 31, 2008, Kpahn pleaded guilty to second-degree murder, and a first-degree murder charge was dismissed. Kpahn agreed that the district court had discretion to impose a sentence from a 367-423 month range. The 367-month sentence represented the top-of-the-box guidelines sentence, and the 423-month sentence was a departure from the sentencing guidelines. Kpahn understood that any sentence greater than 367 months in prison would be a departure, and he waived his right to a jury determination on whether aggravating factors existed to support a greater sentence. On May 21, 2008, the district court sentenced Kpahn to 423 months in prison, finding that a departure was appropriate because Kpahn acted with particular cruelty and had a history of violence with the victim, his girlfriend.

Kpahn acknowledges that he "agreed to a sentencing range . . . when he pleaded guilty." He also cites *Coles*, but fails to show how this case is distinguishable. Because Kpahn's motion to correct his sentence impacts more than just his sentence, the district court properly treated his motion as a petition for postconviction relief.

### Time barred

The district court denied Kpahn's motion after determining that it was time barred under the postconviction-relief statute. This court reviews the denial of postconviction relief, including a denial for lack of compliance with the postconviction statute of limitations, for an abuse of discretion. *See Greer v. State*, 836 N.W.2d 520, 522 (Minn. 2013).

A petition for postconviction relief must be filed no "more than two years after the later of: (1) the entry of judgment of conviction or sentence if no direct appeal is filed; or

3

(2) an appellate court's disposition of petitioner's direct appeal."[1] Minn. Stat. § 590.01, subd. 4(a) (2014). A case becomes final when "the availability of direct appeal has been exhausted, the time for a petition for certiorari has elapsed or a petition for certiorari with the United States Supreme Court has been filed and finally denied." *O'Meara v. State*, 679 N.W.2d 334, 336 (Minn. 2004), *overruled on other grounds by Danforth v. Minnesota*, 552 U.S. 264, 128 S. Ct. 1029 (2008).

Kpahn was sentenced on May 21, 2008. He had 90 days to file a direct appeal, which he did not do. *See* Minn. R. Crim. P. 28.02, subd. 4(3)(a). Because he did not file a direct appeal, Kpahn's case was final 90 days after he was sentenced in 2008, which was more than two years before he filed the motion to correct his sentence on December 1, 2014. Therefore, the district court did not abuse its discretion in determining that Kpahn's petition was time barred.

### Claims for relief

The district court concluded that even if Kpahn's motion to correct his sentence were not time barred, he still was not entitled to relief. This court reviews the denial of postconviction relief for an abuse of discretion. *Greer*, 836 N.W.2d at 522.

Kpahn claims that his sentence was based on an erroneous criminal-history score, his sentence impermissibly exceeded the presumptive sentence because he did not waive his rights under *Blakely*, and he did not understand the plea agreement. We have considered these arguments and conclude that the district court did not abuse its

---

[1] There are exceptions to the statute of limitations, but Kpahn does not argue that any exception applies. *See* Minn. Stat. § 590.01, subd. 4(b) (2014).

4

discretion in denying relief. *See Ture v. State*, 681 N.W.2d 9, 20 (Minn. 2004) (rejecting arguments without detailing consideration of each argument).

**Affirmed.**