STATE OF MINNESOTA

IN SUPREME COURT

A15-2056

Ramsey County                                                    Anderson, J.

Kim Thul Ouk,

    Appellant,

vs.                                                          Filed:  August 24, 2016
                                                        Office of Appellate Courts
State of Minnesota,

    Respondent.

_____

Lori Swanson, Attorney General, Saint Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Laura Rosenthal, Assistant Ramsey County Attorney, Laura Garvey, Certified Student Attorney, Saint Paul, Minnesota, for respondent.

Kim Thul Ouk, Rush City, Minnesota, pro se.

_____

S Y L L A B U S

  1. The postconviction court did not err by construing appellant's motion to correct his sentence as a petition for postconviction relief.

  2. The postconviction court did not abuse its discretion by summarily denying relief because appellant's postconviction petition is procedurally barred.

  Affirmed.

  Considered and decided by the court without oral argument.

1

O P I N I O N

ANDERSON, Justice.

In this first-degree murder case, appellant Kim Thul Ouk moved to correct his sentence under Minn. R. Crim. P. 27.03, subd. 9, alleging that the juvenile court failed to follow the proper adult-certification procedures before referring him for adult prosecution. After construing Ouk's motion as a petition for postconviction relief, the postconviction court summarily denied the petition as procedurally barred under *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976). We affirm.

I.

In 1992 a Ramsey County grand jury indicted Ouk on two counts of first-degree felony murder, Minn. Stat. § 609.185(a)(3) (1996); Minn. Stat. § 609.05 (2014); and two counts of attempted first-degree felony murder, Minn. Stat. § 609.17 (2014); *see* Minn. Stat. §§ 609.185(a)(3), 609.05. At the time of the murders, Ouk was 15 years old. After a juvenile court certified Ouk for adult prosecution, a jury found Ouk guilty on all four counts. The district court imposed two mandatory sentences of life imprisonment with the possibility of release after 30 years for the first-degree felony murder convictions and two 15-year prison sentences for the attempted first-degree felony murder convictions. *See* Minn. Stat. §§ 244.05, subd. 4 (1992), 609.185(a)(3); Minn. Sent. Guidelines II.G (1992).[1]

---

[1] As we held in *Ouk v. State (Ouk II)*, 847 N.W.2d 698 (2014), the *Miller* rule, which prohibits mandatory sentences of life without the possibility of release for juvenile offenders, is not applicable here because Ouk was sentenced to life *with* the possibility of release. *Ouk II*, 847 N.W.2d at 700-02 & n.7 (citing *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455, 2475 (2012)).

The district court ordered Ouk's sentences to be served consecutively. We affirmed Ouk's convictions and sentences on direct appeal. *State v. Ouk* (*Ouk I*), 516 N.W.2d 180 (Minn. 1994).[2]

On August 21, 2015, Ouk moved to correct his sentences under Minn. R. Crim. P. 27.03, subd. 9. Ouk alleged that his sentences are void because, in the 1992 proceedings, the juvenile court failed to follow the proper adult-certification procedures before referring him to adult court. *See* Minn. Stat. § 260.125 (1992); Minn. R. Juv. Delinq. P. 32.05 (1991); *see also Vang v. State*, 788 N.W.2d 111, 115-17 (Minn. 2010). Specifically, Ouk alleged that he waived the jurisdiction of the juvenile court, which is not permitted; his waiver of his right to a certification hearing was not knowing, voluntary, and intelligent; he did not receive sufficient notice of the first-degree murder charges before certification; the prosecution made insufficient filings; and the juvenile court failed to make sufficient findings of fact.

After construing Ouk's filing as a petition for postconviction relief, rather than a motion under Rule 27.03, subd. 9, the postconviction court summarily denied relief, i.e., denied relief without holding an evidentiary hearing. In doing so, the postconviction court

---

[2]      The facts, evidence, and procedural history of this case are further described in our previous decisions in *Ouk I*, 516 N.W.2d at 182, and *Ouk II*, 847 N.W.2d at 698-701.

3

held that Ouk's petition is procedurally barred under the *Knaffla* rule.[3] *See State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). This appeal followed.

## II.

Ouk labeled his postconviction filing as a "Motion to Correct, Reduce, or Modify Sentence Not Authorize[d] by Law Pursuant to Minn. R. Crim. P. 27.03." A court "may at any time correct a sentence not authorized by law." Minn. R. Crim. P. 27.03, subd. 9. The postconviction court concluded, and the State argues, that Ouk's filing should be construed as a petition for postconviction relief because it implicates more than just Ouk's sentences.

We have stated that "[a] postconviction court . . . does not err in construing a Rule 27.03, subdivision 9 motion as a petition for postconviction relief where the appellant's challenge 'implicates more than simply his sentence.' " *Johnson v. State*, 877 N.W.2d 776, 779 (Minn. 2016) (quoting *State v. Coles*, 862 N.W.2d 477, 482 (Minn. 2015)). In other words, a Rule 27.03, subdivision 9 motion " 'is limited to sentences, and the court's authority under the rule is restricted to modifying a sentence.' " *Wayne v. State*, 870 N.W.2d 389, 391 (Minn. 2015) (quoting *Coles*, 862 N.W.2d at 480). Here, Ouk's arguments implicate more than simply his sentences. His claim that the juvenile court failed to follow the proper adult-certification procedures before referring him to adult court

---

3     In the alternative, the postconviction court concluded that Ouk's petition is untimely under the 2-year postconviction statute of limitations, Minn. Stat. § 590.01, subd. 4 (2014). Because we conclude that Ouk's petition is procedurally barred under the *Knaffla* rule, we need not and do not consider this alternative ground.

4

also implicates his underlying convictions. Consequently, the postconviction court did not err by construing Ouk's motion to correct his sentence as a petition for postconviction relief.

III.

We review a postconviction court's denial of a petition for postconviction relief for an abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). "[W]e review the postconviction court's legal conclusions de novo . . . and its findings of fact for clear error . . . ." *Greer v. State*, 836 N.W.2d 520, 522 (Minn. 2013) (citation omitted). A postconviction petition may be summarily denied when the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief. Minn. Stat. § 590.04, subd. 1 (2014). Accordingly, a postconviction court may summarily deny a postconviction petition that is procedurally barred. *Colbert v. State*, 870 N.W.2d 616, 622 (Minn. 2015). In deciding whether to summarily deny a petition, the postconviction court presumes the facts alleged in the petition to be true. *Bobo v. State*, 820 N.W.2d 511, 517 (Minn. 2012).

Under the *Knaffla* rule, "[o]nce a direct appeal has been taken, all claims raised in that appeal, all claims known at the time of that appeal, and all claims that should have been known at the time of that appeal will not be considered in a subsequent petition for postconviction relief." *Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007) (citing *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741). At the time of Ouk's direct appeal, the allegedly defective procedures related to Ouk's adult certification had already occurred. Thus, the *Knaffla* rule applies because these alleged defects were known or should have been known

5

at the time of the direct appeal.  Therefore, we hold that the postconviction court did not abuse its discretion by summarily denying relief because Ouk's petition is procedurally barred under the *Knaffla* rule.[4]

Affirmed.

---

[4]    Ouk does not assert any exceptions to the *Knaffla* bar.