MCKEIG, Justice (dissenting).
Melvin Bilbro admitted to intentionally stabbing his girlfriend in the forehead, which caused her to be permanently blind in one eye. Bilbro also admitted that after he attacked his girlfriend, he touched the vagina of his girlfriend's 11-year-old daughter. Bilbro admitted that he was guilty of these acts and agreed to accept the sentences that the court imposed. At the plea hearing, the prosecutor noted that "[i]n exchange for that plea, the State ... waive[d] any Blakely issues it ha[d] and dismiss[ed] the other two counts of the Complaint." Both Bilbro and the State believed that he faced possible consecutive sentences for those two separate acts against separate victims, but in waiving Blakely issues, the State forfeited its ability to pursue longer sentences for the convictions.
The district court sentenced Bilbro to consecutive sentences totaling 199 months' imprisonment and 10 years of conditional release. Bilbro accepted that sentence and waited nearly a decade after his plea agreement and sentencing to file a motion to change that sentence. The district court concluded that this motion was time barred because it was in fact a challenge to Bilbro's negotiated plea agreement. See Minn. Stat. § 590.01, subd. 4 (2018). The court of appeals reversed on that question. Bilbro v. State , No. A17-1566, 2018 WL 3340453, at *2-3 (Minn. App. July 9, 2018). I respectfully dissent because the majority's decision not to consider whether Bilbro's motion was a petition for postconviction relief is contrary to our precedent, and because I conclude that Bilbro's petition is time-barred.
I.
The State is permitted, under Minn. R. Crim. P. 29.04, subd. 6, and State v. Stanke , 764 N.W.2d 824 (Minn. 2009), to defend the district court's decision before this court without filing a cross-petition for review. We may "permit a party, without filing a cross-petition, to defend a decision or judgment on any ground that the law and record permit that would not expand the relief that has been granted to the party." Minn. R. Crim. P. 29.04, subd. 6. In Stanke , we interpreted this rule to include a situation where one party defended a district court decision that had been partially reversed by the court of appeals. 764 N.W.2d at 827. There, a district court found nine aggravating factors, including one severe aggravating factor-that a victim was particularly vulnerable-and that those factors justified an upward departure on the defendant's sentence. Id. at 826. The court of appeals in Stanke reversed the district court on the issue of the victim's vulnerability, but affirmed the sentence *17 on other grounds. Id. at 826-27. The defendant filed a petition for review, but the State did not file a petition for review or cross-petition for review on the issue that the court of appeals reversed. The defendant filed a motion to strike the State's arguments defending the district court's finding of particular vulnerability. Id. at 827 n.2. We decided that we could consider the State's arguments because they did not expand the relief granted to the State, as "the State [was] defending against Stanke's challenge to the district court's judgment...." Id. at 827.
The majority's attempts to distinguish Stanke are not persuasive because in Stanke , we permitted the State's defense of the district court decision. In both cases, the district court ruled in favor of the State on an issue and the defendant appealed. In both cases, the court of appeals reversed the district court on an issue and the defendant petitioned for review. And in both cases, the State did not file a petition for review or a cross-petition for review on the issue that the court of appeals reversed. In Stanke , we held that the State was not seeking to expand the relief granted to it because it was defending a district court decision that the court of appeals partially reversed. Id. I therefore would apply Stanke . Because the parties briefed the issue that Bilbro argues was forfeited, and because upholding the district court would not expand the relief granted to the State beyond what the district court granted, I would consider the merits of the postconviction issue.
II.
Because I would consider the State's arguments, I next address whether Bilbro's motion was properly construed as a petition for postconviction relief by the district court. The court of appeals held that it was not a postconviction petition because the State had described the plea deal as a "straight plea" to the district court judge. Bilbro , 2018 WL 3340453, at *2. A straight plea, the court of appeals determined, is not unraveled by a change to the sentence. Id. A negotiated plea where the sentence is agreed to by the parties, on the other hand, is subject to the standard set forth in State v. Coles , 862 N.W.2d 477, 480-81 (Minn. 2015). In Coles , we construed a motion to correct a sentence as an attack on the plea deal itself and, therefore, as a petition for postconviction relief. Id. at 481-82. We reasoned that the parties had each negotiated for a benefit: the defendant pleaded guilty and received a conviction of a lesser offense, and the State received an upward departure on the sentence. Id. If the sentence were to be changed, then the defendant would retain the benefit of the plea agreement, but the State would not. Id.
The court of appeals distinguished Coles because, there, the State and the defendant had negotiated for a specific sentence. Bilbro , 2018 WL 3340453, at *2. Here, the State agreed to abandon some of its arguments that Bilbro should receive a longer sentence "[i]n exchange for" Bilbro's guilty plea. Its agreement to abandon those arguments was partially reliant on both parties' belief that Bilbro could be given consecutive sentences by the district court, as evidenced by the parties' arguments to the district court. Because Bilbro's sentence is not so easily separated from his plea agreement, I would apply Coles and construe his motion as a petition for postconviction relief.
III.
Because Bilbro's motion is in fact a petition for postconviction relief, it is barred by the statutory time limits. A petition for *18 postconviction relief must be filed within two years of entry of judgment of conviction. Minn. Stat. § 590.01, subd. 4. Because Bilbro's petition was not filed for nearly nine years, the district court correctly dismissed his petition.
For the foregoing reasons, I respectfully dissent.